■ In the Matter of CHRISTOPHER MOORE, Respondent, v DONALD SELSKY, as Director of Special Housing/Inmate

Disciplinary Program, Appellant. [694 NYS2d 818] —Peters, J.
Appeal from a judgment of the Supreme Court (Feldstein, J.),
entered June 29, 1998 in Clinton County, which granted
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of the Commissioner of
Correctional Services which found petitioner guilty of violating
certain prison disciplinary rules.

Following a tier III disciplinary hearing, petitioner, a prison
inmate, was found guilty of failure to comply with search and
frisk procedure, assault on staff, violent conduct and posses-
sion of contraband that may be classified as a weapon. Upon
administrative appeal, the tier III disposition was affirmed and
petitioner commenced this CPLR article 78 proceeding to
review the determination. Supreme Court granted the petition
and directed a new hearing with petitioner's assistant present
to aid him in his defense. Respondent appeals.

Petitioner, who is functionally illiterate with an IQ of 68,
challenged the determination solely on the ground that his
constitutional rights were violated by the Hearing Officer's fail-
ure to require the presence of petitioner's assistant at the hear-
ing. Supreme Court rejected respondent's contention that, by
failing to request assistance at the hearing, petitioner waived
any objection. The court concluded that, based upon petitioner's
low IQ, the Hearing Officer abused his discretion under 7
NYCRR 251-4.2, which authorizes a Hearing Officer to require
the presence of an inmate's assistant at the hearing.

Supreme Court erred in focusing exclusively on petitioner's
low IQ. In the criminal context, unless the degree of retarda-
tion is so great as to render the accused completely incapable
of understanding the meaning and effect of his confession,
deficient intelligence is only one factor in the whole totality of
circumstances to be considered in determining whether a
confession was knowing and voluntary (see, People v Williams,
62 NY2d 285, 289). Inasmuch as "inmates at disciplinary
proceedings are not entitled to the full panoply of rights due a
criminal defendant" (Matter of Hillard v Coughlin, 187 AD2d
136, 139, lv denied 82 NY2d 651), petitioner's entitlement to
assistance at the hearing should not be determined by a stricter
standard than would be applicable to the admissibility of his
confession in a criminal action. Here, as in the case where an
inmate claims that he was deprived of the right to have a
translator present, the issue is whether a review of the record
as a whole demonstrates that, despite the absence of the assis-
tant, petitioner was able to understand and knowledgeably
participate in the disciplinary hearing (see, Matter of Santiago

v Goord, 253 AD2d 970; *Matter of Robles v Coombe*, 238 AD2d 628).

The record establishes that petitioner received meaningful · employee assistance prior to the hearing and petitioner does not claim otherwise. The Hearing Officer was aware of petitioner's functional illiteracy and tailored the hearing to accommodate the deficiencies. Petitioner stated that he understood the nature of the charges and his conduct at the hearing confirms not only his understanding of the nature of the charges but also his ability to formulate and effectively advocate his defense. For example, petitioner claimed that he began to struggle when his testicles were grabbed by a correction officer during a frisk and that the officer beat him and planted a razor blade on him in retaliation. In support of this latter defense, petitioner pointed out that he had passed through a metal detector shortly before the incident and raised the question of how he could have a razor blade and pass through the metal detector without setting it off. In addition, after the Hearing Officer refused to call a witness, petitioner convinced the Hearing Officer that the witness could provide relevant testimony and the witness was produced. Similarly, petitioner's arguments prompted the Hearing Officer to call a correction officer to provide additional detail.

The record demonstrates that petitioner understood and knowledgeably participated in the disciplinary hearing and, therefore, the absence of an assistant at the hearing provided no basis for Supreme Court to disturb the determination (*see, Matter of Alvarez v Goord*, 243 AD2d 973, 974).

Cardona, P. J., Mikoll, Yesawich Jr. and Mugglin, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.