■ In the Matter of RHAGI EL, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [786 NYS2d 851]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with using a controlled substance after his urine twice tested positive for the presence of cannabinoids. He was found guilty of this charge following a tier III disciplinary hearing. The determination of guilt was upheld on administrative appeal, but the penalty was modified. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, together with the positive urinalysis test results, supporting documentation and testimony of the correction officers who administered the tests, provide substantial evidence supporting the determination of guilt (*see Matter of McCorkle v Bennett,* 8 AD3d 918, 919 [2004]; *Matter of Sanchez v Selsky,* 8 AD3d 846, 846 [2004). Petitioner's claim that the chain of custody was broken is without merit. The officers who tested the urine specimen testified that the sample remained in their possession when it was not secured in the freezer and the request for urinalysis form set forth the specific times the sample was handled and by whom, thereby establishing that the appropriate testing procedures were followed (*see Matter of Velez v Selsky,* 6 AD3d 783 [2004]; *Matter of Victor v Goord,* 309 AD2d 1026, 1026 [2003]). Petitioner's remaining contentions are either unpreserved for our review or meritless (*see Matter of Presley v Miller,* 306 AD2d 707, 707 [2003]; *Matter of Valentine v Coughlin,* 200 AD2d 838, 838 [1994]).

Mercure, J.P., Peters, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.