In the Matter of SAMUEL CAYENNE, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [790 NYS2d 762]—

Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review three determinations of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner challenges three tier III disciplinary determinations arising from separate incidents while he was an inmate at the Eastern Correctional Facility in Ulster County. In the first incident, a search of petitioner's cell, outside of his presence, revealed a substance testing positive for crack cocaine. Petitioner was found guilty of drug possession and a penalty of 120 days confinement in the special housing unit (hereinafter SHU) was imposed along with a corresponding loss of packages, recreation, commissary and phone privileges. Petitioner also received three months loss of good time. In the second incident,

petitioner was found guilty of using a controlled substance after his urine twice tested positive for opiates. The penalty was 90 days confinement in the SHU and a corresponding loss of packages, commissary, phone privileges and good time. In the third incident, petitioner was found guilty of drug possession when drugs recovered from his cell tested positive for heroin. The penalty was six months in the SHU and a corresponding loss of commissary, packages and phone privileges, all to be calculated concurrently.[1] This CPLR article 78 proceeding was commenced to challenge these determinations.

Petitioner's challenge to the first tier III determination based upon a violation of Department of Correctional Services Directive No. 4910 (V) (C) (1) is unpreserved because petitioner failed to raise this claim on his administrative appeal (*see Matter of Dalton v Selsky*, 6 AD3d 844, 845 [2004]; *Matter of Brisman v Senkowski*, 278 AD2d 778, 779 [2000]). The Court of Appeals has stated that "a claimed error to which no objection was made on administrative appeal" does not constitute "a question of law" (*Matter of Crowley v O'Keefe*, 74 NY2d 780, 780-781 [1989]). Inasmuch as judicial review of administrative determinations pursuant to CPLR article 78 is limited to questions of law, we may not consider the issue (*see Matter of Khan v New York State Dept. of Health*, 96 NY2d 879, 880 [2001]; *Matter of Featherstone v Franco*, 95 NY2d 550, 554 [2000]).

As to the second tier III determination, there is no error. The misbehavior report was endorsed by the correction officer who not only ordered petitioner to submit to the urine test, but also tested such specimen on two separate occasions. Since the report fully complied with 7 NYCRR 251-3.1 (b), petitioner's challenge is without merit.

Turning to the third tier III determination, we find no viable claim of ineffective employee assistance. Documents requested by petitioner either did not exist or were provided by the Hearing Officer with adequate time to review. As petitioner did not demonstrate that he was prejudiced by any alleged inadequacies and, in fact, testified that he was satisfied with the assistance provided once he understood that certain documents did not exist (*see Matter of Otero v Selsky*, 9 AD3d 631, 632 [2004]; *Matter of Llull v Coombe*, 238 AD2d 761, 762 [1997], *lv denied* 90 NY2d 804 [1997]), no further review is required. Nor do we find hearing officer bias, "particularly in the absence of anything to demonstrate that the determination of petitioner's guilt flowed from the alleged bias and not from the substantial evidence of his

---

**1.** In light of petitioner's other disciplinary penalties, this penalty ended one day prior to his last penalty date.

guilt" (*Matter of Perkins v Goord*, 290 AD2d 700, 701 [2002]; *see Matter of Otero v Selsky, supra* at 632; *Matter of Murphy v Selsky*, 3 AD3d 631, 633 [2004]).[2] Petitioner's visual impairment was noted by the Hearing Officer who thereafter assisted him, either personally or through outside aides, in understanding the proceeding and allowing him to knowledgeably participate therein (*see Matter of Toro v Goord*, 284 AD2d 764, 765 [2001]; *Matter of Moore v Selsky*, 264 AD2d 923, 924-925 [1999]).

Having reviewed and rejected all of petitioner's remaining contentions, we confirm the determinations rendered.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.

---

**2.** Contrary to respondent's contention, this claim was properly preserved for our review when it was raised in petitioner's administrative appeal (*see Matter of Crowley v O'Keefe, supra* at 780-781; *Matter of Dalton v Selsky, supra* at 845; *Matter of Brisman v Senkowski, supra* at 779).