■ In the Matter of JOSEPH WIGFALL, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [798 NYS2d 582]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with using a controlled substance after a sample of his urine twice tested positive for the presence of cannabinoids. He was found guilty of this charge following a tier III disciplinary hearing and the

determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, the testimony of the correction officer who prepared it and conducted the urinalysis tests, together with the positive test results and related documentation, provide substantial evidence supporting the determination of guilt (*see Matter of Odome v Goord*, 14 AD3d 975, 975 [2005]; *Matter of El v Selsky*, 14 AD3d 763, 764 [2005]). Petitioner's assertion that the test results were fabricated has no support in the record. His claim that he was improperly denied a witness is also unavailing. Although the Hearing Officer did not allow petitioner to call a teacher to establish that he was not in attendance in class after the administration of the first urinalysis test because he was keeplocked, the Hearing Officer acknowledged this fact. Thus, the teacher's testimony was unnecessary and, in any event, was irrelevant to the charge at issue (*see Matter of Prentiss v Selsky*, 7 AD3d 905 [2004]). Petitioner's remaining contentions, including his claims that he was improperly denied the right to present the test documentation of other inmates at the hearing and that the audiotape of the hearing should have been considered upon administrative appeal, are similarly unpersuasive.

Mercure, J.P., Peters, Mugglin, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.