In the Matter of CORY COSTNER, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [818 NYS2d 359]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with using a controlled substance after a sample of his urine twice tested positive for the presence of cannabinoids. He was found guilty of the charge following a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. Substantial evidence, in the form of the misbehavior report, positive urinalysis test results and related documentation, as well as the testimony of the correction officer who conducted the test, supports the determination of guilt (*see Matter of Wigfall v Goord*, 20 AD3d 799, 800 [2005]; *Matter of El v Selsky*, 14 AD3d 763, 764 [2005]). Although the request for urinalysis test form failed to state the name of the officer who removed the sample from the freezer and tested it as required (*see* 7 NYCRR 1020.4 [e] [1] [i]), the testing officer explained that he had sole custody of the sample during the relevant time period and inadvertently neglected to write his name on the chain of custody portion of the form. Such testimony cured the defect and adequately established the chain of custody of the

sample (*see e.g. Matter of Mohammad v Goord*, 19 AD3d 781, 782 [2005]). Likewise, the other minor irregularities in the test documentation were sufficiently explained by the testing officer. Petitioner's remaining contentions, including his claim of hearing officer bias, have been examined and found to be without merit.

Cardona, P.J., Mercure, Crew III, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.