■ In the Matter of FERNANDO GARCIA, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [890 NYS2d 201]—

Petitioner was charged in a misbehavior report with using a controlled substance after a sample of his urine twice tested positive for the presence of opiates. He was found guilty of the charge at the conclusion of a tier III disciplinary hearing and the determination was later affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

Initially, petitioner contends that the determination at issue is not supported by substantial evidence. He takes particular issue with inaccuracies in the calibration numbers appearing on the urinalysis procedure form. The record discloses that the correction officer who tested petitioner's urine specimen stated that he inadvertently wrote down the wrong calibration numbers on the subject form and that, later in the hearing, the Hearing Officer had him insert the correct numbers on the form and then initial them. This clerical error was adequately explained by the correction officer who administered the test and, as such, did not undermine the validity of the test results under the circumstances presented here (see Matter of Samuel v Goord, 277 AD2d 584, 585 [2000]; Matter of Muniz v Selsky, 274 AD2d 796, 797 [2000]). The officer's testimony, together with the misbehavior report, corrected urinalysis procedure form and related documentation, provide substantial evidence supporting the determination of guilt (see Matter of Harrison v Fischer, 56 AD3d 917, 917 [2008]; Matter of Costner v Goord, 31 AD3d 1030, 1030 [2006]). Petitioner further claims that he was improperly denied the right to call as witnesses one correction officer and two inmates for the purpose of establishing that there were discrepancies in the calibration numbers appearing on the urinalysis procedure form. While it is not clear from the record whether these witnesses actually testified at the hearing, any error in failing to allow their testimony was harmless as it would have been redundant when viewed in light of the testimony of the correction officer who administered the urinalysis test (see Matter of Graziano v Selsky, 9 AD3d 752, 753 [2004]).

Petitioner's remaining contentions have either not been preserved for our review or are lacking in merit.

Mercure, J.P., Rose, Kane, Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.