■ In the Matter of WALTER ELLISON, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [917 NYS2d 325]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

When his urine twice tested positive for the presence of cannabinoids, petitioner, a prison inmate, was served with a misbehavior report charging him with drug use. Following a tier III disciplinary hearing, he was found guilty and that determination was affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding and we now confirm.

Substantial evidence supports the determination of guilt in the form of the detailed misbehavior report, the testimony of the correction officer who tested petitioner's urine and authored

the report and the supporting documentation, including the positive drug test results (*see Matter of Xao He Lu v New York State Dept. of Corrections,* 72 AD3d 1379, 1380 [2010]; *Matter of Duffy v Fischer,* 69 AD3d 1073, 1074 [2010]). Contrary to petitioner's contention, he was not deprived of effective employee assistance. With regard to the witnesses that petitioner requested to be interviewed, he admitted at the hearing that they were not present during the events giving rise to the misbehavior report, and the record demonstrates that he ultimately obtained all requested documents that existed and had an opportunity to review them (*see Matter of Williams v Fischer,* 73 AD3d 1364, 1364-1365 [2010]; *Matter of Perretti v Fischer,* 58 AD3d 999, 1002 [2009], *lv denied* 12 NY3d 709 [2009]). Furthermore, in light of petitioner's admission that the requested witnesses had no direct knowledge of the incident, the Hearing Officer did not err in refusing to call them (*see Matter of Walker v Fischer,* 71 AD3d 1309 [2010], *appeal dismissed* 14 NY3d 912 [2010]). The record demonstrates that the hearing was held in a timely manner, with the appropriate hearing extensions being obtained (*see Matter of Rodriguez v Fischer,* 76 AD3d 1131, 1132 [2010]). Finally, our review concludes that the determination of guilt flowed from the evidence presented at the hearing, rather than any alleged hearing officer bias (*see Matter of Covington v Smith,* 75 AD3d 708 [2010]).

We have examined petitioner's remaining contentions and have found them to be unpreserved or without merit.

Mercure, J.P., Spain, Lahtinen, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.