■ In the Matter of MOSHE CINQUE CANTY, Also Known as MOSHE CINQUE OWUSU SANKOFA OLUGBALA, Appellant, v JAMES ESGROW, as Hearing Officer, et al., Respondents. [921 NYS2d 410]—

Appeal from a judgment of the Supreme Court (Hayden, J.), entered August 31, 2010 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was confined to the special housing unit (hereinafter SHU) when a correction officer gave him a direct order to stop yelling after the lights had been turned out. Petitioner requested a copy of that rule and, when the officer provided it, petitioner became profane and made threats toward the officer. As a result, petitioner was charged in a misbehavior report with refusing a direct order, creating a disturbance, making threats and harassment. He was found guilty of all charges following a tier III disciplinary hearing and that determination was affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding and Supreme Court dismissed the petition. Petitioner now appeals.

We affirm. Initially, we find that petitioner's right to call witnesses was not violated, inasmuch as the requested testimony would have been irrelevant (*see Matter of Moore v Fischer*, 76 AD3d 737, 738 [2010]; *Matter of Abreu v Bezio*, 71 AD3d 1341, 1342 [2010], *appeal dismissed* 15 NY3d 836 [2010]). Here,

petitioner sought inmate witnesses to establish that they had not received rule books upon admission to the SHU, however, the charges for which petitioner was found guilty resulted from disobeying a direct order from a correction officer, not a violation of the SHU rules. For that same reason, we reject petitioner's contention that his due process rights were violated by his failure to receive a copy of the SHU rules upon admission. Although the employee assistant did not provide him with certain requested documents, we find that petitioner failed to demonstrate how this prejudiced his defense, as the documents he sought were the SHU rules and the directive stating that he was to receive those rules upon admission which were, again, irrelevant to the proceedings (see Matter of Barca v Fischer, 80 AD3d 1038, 1039 [2011]; Matter of Cornwall v Fischer, 73 AD3d 1367, 1368 [2010]).

Finally, we cannot say that the Hearing Officer erred in removing petitioner from the hearing after repeated warnings not to pursue an irrelevant line of questioning and petitioner's continuing argumentative and obstructive behavior (see Matter of McDaniels v Bezio, 76 AD3d 1129, 1129 [2010]; Matter of Jackson v Fischer, 67 AD3d 1207, 1208 [2009]). Petitioner's remaining arguments have been examined and found to be without merit.

Mercure, J.P., Rose, Kavanagh, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.