■ In the Matter of MIGUEL HENRIQUEZ, Petitioner, v NORMAN R. BEZIO, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [924 NYS2d 189]—

Mercure, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with violating the prison disciplinary rule prohibiting the use of a controlled substance after his urine twice tested positive for the presence of cannabinoids. Following a tier III disciplinary hearing, petitioner was found guilty of drug use and a penalty was imposed. Petitioner's subsequent administrative appeal was unsuccessful, prompting him to commence this CPLR article 78 proceeding to challenge the determination.

Petitioner testified that he was under the influence of marihuana at the time of sentencing—an event he contends took place less than 30 days before providing his urine sample to facility personnel—and, therefore, the positive urinalysis result was caused by residual marihuana from drug use that preceded his incarceration. Although the correction officer who tested petitioner's urine acknowledged that marihuana could remain in a subject's system for 30 days, the Hearing Officer was entitled to reject petitioner's self-serving testimony on this point (*see Matter of Padilla v Selsky*, 300 AD2d 856, 857 [2002]; *see also Matter of Callender v Goord*, 24 AD3d 1145, 1145 [2005]), and petitioner's denial of ongoing drug use presented a credibility issue for the Hearing Officer to resolve (*see Matter of Xao He Lu v New York State Dept. of Corrections*, 72 AD3d 1379, 1380 [2010]; *Matter of Pagan v Selsky*, 45 AD3d 1120, 1121 [2004]). Inasmuch as the misbehavior report, positive urinalysis results and testimony from the correction officer who conducted that test provide substantial evidence of petitioner's guilt (*see Matter of Ellison v Fischer*, 79 AD3d 1538, 1538-1539 [2010]; *Matter of Stanford v Fischer*, 77 AD3d 1013, 1013 [2010]; *Matter of Rampersant v Fischer*, 75 AD3d 1018, 1018 [2010]), the determination is confirmed. Petitioner's procedural claims, including his assertion that he was denied documentary evidence (*see Matter of Hawkins v Fischer*, 72 AD3d 1378, 1379 [2010]) and that the Hearing Officer was both improperly designated (*see Matter of Bridgeforth v Fischer*, 69 AD3d 1068, 1069 [2010]) and biased (*see Matter of Britt v Fischer*, 54 AD3d 1087 [2008]), have not been preserved for our review.

Spain, Kavanagh, Stein and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.