■ In the Matter of JOHN H. WHITE, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services Respondent. [925 NYS2d 903]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

After his urine sample twice tested positive for the presence of cannabinoids, petitioner was charged in a misbehavior report with drug use. He was found guilty after a tier III disciplinary hearing and, when the determination was upheld on administrative appeal, petitioner commenced this CPLR article 78 proceeding.

We confirm. The detailed misbehavior report, positive test results and testimony from the correction officers who both collected and tested petitioner's urine sample provide substantial evidence to support the determination of guilt (*see Matter of Ellison v Fischer*, 79 AD3d 1538, 1538-1539 [2010]; *Matter of Coleman v Bezio*, 79 AD3d 1332, 1333 [2010]). The clerical error on the chain of custody form was adequately explained when Correction Officer Hopkinson testified that he was going to give petitioner's urine sample to Correction Officer Streeter for placement in the refrigerator, but instead placed the sample in

the refrigerator himself (*see Matter of Vargas v Bezio*, 69 AD3d 1075, 1076 [2010]; *Matter of Garcia v Fischer*, 68 AD3d 1311, 1312 [2009]). In light of such testimony, the Hearing Officer did not err in denying petitioner's request to call Streeter as a witness (*see Matter of Lindo v Fischer*, 72 AD3d 1295, 1296 [2010]; *Matter of Abreu v Bezio*, 71 AD3d 1341, 1342 [2010], *appeal dismissed* 15 NY3d 836 [2010]).

Peters, J.P., Spain, Rose, Stein and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.