■ In the Matter of CRAIG MOBAYED, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [932 NYS2d 266]—

After petitioner's urine twice tested positive for cannabinoids, he was served with a misbehavior report charging him with the use of a controlled substance. Petitioner was found guilty following a tier III disciplinary hearing and that determination was administratively affirmed. He then commenced this CPLR article 78 proceeding.

We confirm. The misbehavior report, testimony of the correc-

tion officer who performed the testing and the positive test results provide substantial evidence of petitioner's guilt (*see Matter of Hughes v Bezio*, 84 AD3d 1598, 1598 [2011]; *Matter of Ellison v Fischer*, 79 AD3d 1538, 1538-1539 [2010]). The discrepancy on various forms as to the time when the first test was performed was adequately explained as a clerical error by the correction officer who performed the tests, and there is no evidence that such error undermined the validity of the test results (*see Matter of White v Fischer*, 85 AD3d 1483, 1483-1484 [2011]; *Matter of Garcia v Fischer*, 68 AD3d 1311, 1312 [2009]).

Turning to the procedural claims, any defect in assistance was remedied by the Hearing Officer during the hearing when he provided petitioner with a copy of the requested directive and adjourned the hearing in order to give petitioner an opportunity to prepare his defense (*see Matter of Faublas v Rock*, 85 AD3d 1519, 1520 [2011]; *Matter of Reid v Fischer*, 80 AD3d 1035, 1035 [2011]). Finally, the Hearing Officer did not err in denying petitioner's request to call his assistant as a witness inasmuch as the proposed testimony would have been irrelevant to the charges (*see Matter of Canty v Esgrow*, 83 AD3d 1322, 1322-1323 [2011], *lv denied* 17 NY3d 705 [2011]; *Matter of Tafari v Fischer*, 78 AD3d 1405, 1406-1407 [2010], *lv denied* 16 NY3d 704 [2011]).

Peters, J.P., Lahtinen, Kavanagh, Stein and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.