■ In the Matter of PETER RAMOS, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [944 NYS2d 405]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

While a correction officer was escorting petitioner to a bus, petitioner became argumentative and refused to proceed further than the second step. When the officer directed petitioner to get onto the bus, petitioner spit in the officer's face. As a result, the officer prepared a misbehavior report charging petitioner with

refusing a direct order, engaging in violent conduct and committing an unhygienic act. He was found guilty of the charges at the conclusion of a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

Petitioner contends that his due process rights were violated because he was served with a misbehavior report containing only the charge of refusing a direct order and not the charges of engaging in violent conduct or committing an unhygienic act, of which he was also found guilty. Respondent concedes that the Hearing Officer did not conduct an adequate inquiry into this discrepancy and the matter must be remitted for a new hearing (*compare Matter of Brown v Fischer*, 73 AD3d 1362, 1363 n [2010]; *Matter of Moore v Senkowski*, 13 AD3d 683, 684 [2004]). However, insofar as petitioner was provided notice of the charge of refusing a direct order and the record contains substantial evidence supporting the determination in this regard, the new hearing shall be limited to the charges of engaging in violent conduct and committing an unhygienic act. In view of our disposition, petitioner's remaining claims are academic.

Mercure, J.P., Spain, Malone Jr., Garry and Egan Jr., JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of engaging in violent conduct and committing an unhygienic act; petition granted to that extent, matter remitted to respondent for further proceedings not inconsistent with this Court's decision, and, as so modified, confirmed.