In the Matter of ANTHONY MEDINA, Petitioner, v ALBERT PRACK, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent. [955 NYS2d 453]—

Kavanagh, J. 

The first of the two tier III disciplinary hearings was held to address the first two reports. Petitioner pleaded guilty to unauthorized possession and, in a March 10, 2011 determination, was found not guilty of making threats and guilty of the remaining charges. That determination was affirmed upon administrative appeal. After a second tier III disciplinary hearing, petitioner was found guilty in a March 9, 2011 determination of the charges in the third misbehavior report, as well as the charge of refusing a direct order. That determination was also affirmed administratively. Petitioner commenced this CPLR article 78 proceeding to challenge both determinations.

Initially, we note that the copy of the third misbehavior report that was initially served on petitioner did not include the charge of refusing a direct order. Inasmuch as the Hearing Officer failed to adequately inquire into the discrepancy, the matter must be remitted for a new hearing on that charge (*see Matter of Ramos v Fischer*, 95 AD3d 1530, 1531 [2012]). However, the misbehavior report and testimony of the correction officer who authored the report provide substantial evidence to support the finding in the March 9, 2011 determination that petitioner was guilty of the remaining charges (*see Matter of Toste v Fischer*, 95 AD3d

1511, 1512 [2012]; *Matter of Cruz v Fischer*, 94 AD3d 1296, 1297 [2012]).*

Turning to petitioner's procedural claims, his contention that he did not receive adequate accommodations in light of his visual impairment is belied by the record. To the contrary, the Hearing Officer assisted him by reading the misbehavior reports repeatedly, as well as other documentation relevant to the charges against him. The record also demonstrates that petitioner participated vigorously in his defense at both hearings, pointing out discrepancies in certain documents, calling witnesses on his behalf and making cogent arguments (*see Matter of Cayenne v Goord*, 16 AD3d 782, 784 [2005]; *Matter of Toro v Goord*, 284 AD2d 764, 765 [2001]; *Matter of Moore v Selsky*, 264 AD2d 923, 925 [1999]).

We reject petitioner's claim that he was incorrectly denied the right to call the prison optometrist as a witness during the first hearing as petitioner, when asked specifically by the Hearing Officer if he had any other witnesses to call, stated that he did not (*see Matter of Green v Bradt*, 91 AD3d 1235, 1237 [2012], *lv denied* 19 NY3d 802 [2012]; *Matter of Ruiz v Fischer*, 78 AD3d 1358, 1358 [2010]). In any event, petitioner sought testimony that his sunglasses had been approved, which was irrelevant to the charges at issue in the proceeding (*see Matter of Austin v Venettozzi*, 97 AD3d 867, 868 [2012]). Similarly, petitioner's contention that he was denied the right to submit documentary evidence during the second hearing is without merit inasmuch as the documents he sought would have been redundant or irrelevant to the charges (*see Matter of Barnes v Prack*, 87 AD3d 1251, 1252 [2011]; *Matter of Bornstorff v Bezio*, 73 AD3d 1397, 1398 [2010]).

Petitioner's remaining contentions, to the extent not specifically addressed, have been considered and found to be without merit.

Rose, J.P., Lahtinen, Spain and McCarthy, JJ., concur. Adjudged that the March 10, 2011 determination is confirmed, without costs, and petition dismissed to that extent. Adjudged that the March 9, 2011 determination is modified, without costs, by annulling so much thereof as found petitioner guilty of refusing a direct order; petition granted to that extent and matter remitted to the Commissioner of Corrections and Community Supervision for further proceedings not inconsistent with this Court's decision; and, as so modified, confirmed.

---

* Petitioner raised no substantial evidence issue with regard to the March 10, 2011 determination.