(January 24, 2013)

■ In the Matter of MARIO MANNINO, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, et al., Respondents. [958 NYS2d 237]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

In accordance with the procedures governing family reunion visits, petitioner provided a urine specimen, known as a "B" sample, just prior to the visit. He provided another specimen, known as a "C" sample, after the visit. A correction officer performed two urinalysis tests on the "C" sample and the results of both were positive for the presence of cannabinoids. The officer then tested the "B" sample and the results were negative. The officer concluded that petitioner had used drugs during the visit and, consequently, issued a misbehavior report charging him with using narcotics and violating family reunion program procedures. Petitioner pleaded guilty to the former charge and, following a tier III disciplinary hearing, was found guilty of violating family reunion program procedures. The determination was affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

Petitioner admitted to using marihuana and challenges only that part of the determination finding him guilty of violating family reunion program procedures. The detailed misbehavior report, positive urinalysis test results and related documentation, together with the testimony of the correction officer who tested petitioner's specimens, provide substantial evidence supporting the determination of guilt with respect to this charge (see Matter of Smart v Fischer, 67 AD3d 1222, 1222 [2009], lv denied 14 NY3d 705 [2010]; Matter of Castaldo v Goord, 283 AD2d 838, 838 [2001]; see also 7 NYCRR 270.2 [B] [26] [iv]; 220.8). Petitioner denied using marihuana during the time period in question and maintained that his use of marihuana weeks prior to the family reunion visit tainted the accuracy of the "C" sample test results and that he was able to manipulate the accuracy of the "B" sample results by drinking water before giving the specimen. His testimony, however, presented a credibility issue for the Hearing Officer to resolve (see Matter of Henriquez v Bezio, 84 AD3d 1662, 1663 [2011]; Matter of Xao

*He Lu v New York State Dept. of Corrections*, 72 AD3d 1379, 1380 [2010]). His remaining contentions have not been preserved for our review.

Mercure, J.P., Rose, Spain, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.