*892 Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.
Petitioner, a prison inmate, was charged in a misbehavior report with using a controlled substance after a sample of his urine twice tested positive for the presence of cannabinoids. Following a tier III disciplinary hearing, he was found guilty as charged. The determination was affirmed on administrative appeal and this CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, test documentation and hearing testimony of the officers who collected and tested the sample provide substantial evidence to support the finding of guilt (see Matter of Johnson v Fischer, 100 AD3d 1161, 1161 [2012]; Matter of Davis v Fischer, 98 AD3d 1154, 1155 [2012]). Petitioner’s claim that he never provided a urine sample and that the misbehavior report was written in retaliation for past grievances he had filed presented a credibility issue for the Hearing Officer to resolve (see Matter of Rampersant v Fischer, 75 AD3d 1018, 1018 [2010]; Matter of Marino v New York State Dept. of Correctional Servs., 41 AD3d 1004, 1005 [2007], appeal dismissed, lv denied 9 NY3d 940 [2007]).
Turning to petitioner’s procedural contentions, we find that the Hearing Officer’s denial of petitioner’s request to call his assistant as a witness was not error, as the proposed testimony would have been irrelevant to the charge (see Matter of Mobayed v Fischer, 89 AD3d 1266, 1267 [2011]; Matter of Canty v Esgrow, 83 AD3d 1322, 1322 [2011], lv denied 17 NY3d 705 [2011], cert denied 565 US —, 132 S Ct 1020 [2012]). Nor do we find any indication in the record that the Hearing Officer was biased or that the determination of guilt flowed from any alleged bias (see Matter of Smith v Prack, 98 AD3d 1180, 1180 [2012]; Matter of Wright v Fischer, 98 AD3d 759, 760 [2012]). Finally, we do not find the penalty assessed to be so severe as to shock one’s sense of fairness (see Matter of Barnes v Fischer, 93 AD3d 967, 968 [2012]). Petitioner’s remaining contentions, to the extent that they are properly before us, have been examined and found to be without merit.
Rose, J.P)., Spain, Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.