*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 17, 2015           518970
_____

In the Matter of KURT MILLER,
                    Petitioner,

        v
                                        MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:  August 10, 2015

Before:  Lahtinen, J.P., McCarthy, Egan Jr. and Devine, JJ.

                    _____

        Kurt Miller, Attica, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondent.

                    _____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent which found petitioner
guilty of violating certain prison disciplinary rules.

        A routine search of petitioner's prison cell disclosed
numerous items, including a piece of paper containing credit card
information belonging to another person, 63½ black pills that
tested positive for amphetamines using a narcotics identification
kit (see 7 NYCRR 1010.4 [e]) and 6½ white pills that were never
identified.  Petitioner was charged in a misbehavior report with
possession of credit card information, possession of drugs (for
the black pills), possession of contraband, smuggling and
committing a penal law offense.  After a tier III disciplinary
hearing, petitioner was found guilty of possession of drugs and

possession of credit card information and not guilty of the remaining charges.  The determination was affirmed on administrative appeal and this CPLR article 78 followed.

We confirm.  The misbehavior report, testimony of the sergeant who tested the pills, petitioner's own testimony and the related documentary evidence provided substantial evidence to support the determination of guilt (see Matter of Campbell v Prack, 118 AD3d 1202, 1202 [2014]).  Contrary to petitioner's claim, the testimony of the testing sergeant and information provided in the request for test of controlled substance form established that proper testing procedures were followed, the testing officer was a certified operator, and that an unbroken chain of custody was maintained in which the only two people who handled the pills signed the form (see 7 NYCRR 1010.4; Matter of Sanabria v Annucci, 123 AD3d 1328, 1329 [2014]; Matter of Davis v Fischer, 98 AD3d 1154, 1155 [2012]).  Further, we find that petitioner's right to call witnesses was not violated, as he failed to demonstrate that any of the requested witnesses could have provided testimony that was relevant to the charges or material to any issue in dispute (see Matter of Canty v Esgrow, 83 AD3d 1322, 1322 [2011], lv denied 17 NY3d 705 [2011], cert denied ___ US ___, 132 S Ct 1020 [2012]; Matter of White v Fischer, 108 AD3d 891, 892 [2013], lv denied 22 NY3d 853 [2013]).  Petitioner's request to call the sergeant who trained the testing officer and the facility nurse with regard to the chain of custody and testing procedures was properly denied as the prospective witnesses never handled or possessed the pills and did not participate in the testing.[1]  Petitioner's remaining claims are either unpreserved or lack merit.

Lahtinen, J.P., McCarthy, Egan Jr. and Devine, JJ., concur.

---

[1]  The facility nurse observed the pills but was unable to identify them.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court