## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  December 8, 2016          522724
_____

In the Matter of PHILLIP
   COTTERELL,
                    Petitioner,

        v
                                        MEMORANDUM AND JUDGMENT

J. TAYLOR-STEWART, as Deputy
   Superintendent of Program
   Services, et al.,
                    Respondents.
_____

Calendar Date:   October 25, 2016

Before:  Peters, P.J., McCarthy, Rose, Clark and Mulvey, JJ.

_____

        Phillip Cotterell, Pine City, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Frank Brady of counsel), for respondents.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

        Following a family reunion visit with his wife, petitioner provided a urine specimen that twice tested positive for the presence of THC, an active ingredient of marihuana.  As a result, petitioner was charged in a misbehavior report with using a controlled substance and violating family reunion program procedures.  He was found guilty of the charges following a tier III disciplinary hearing and the determination was later affirmed on administrative appeal.  This CPLR article 78 proceeding

ensued.

        We confirm.  The misbehavior report, positive urinalysis
test results and related documentation, together with the hearing
testimony, provide substantial evidence supporting the
determination of guilt (see Matter of Williams v Annucci, 141
AD3d 1062, 1062 [2016]; Matter of Jones v Fischer, 138 AD3d 1294,
1295 [2016]).  Contrary to petitioner's claim, we find no
deficiencies in the chain of custody given that the correction
officer who obtained the specimen that petitioner provided after
the visit stated that it was either in his possession or secured
in a locked room prior to testing, and the handling of the
specimen was otherwise set forth on the request for urinalysis
form (see Matter of Martinez v Annucci, 134 AD3d 1380, 1381
[2015]; Matter of Paddyfote v Fischer, 118 AD3d 1240, 1241
[2014]).  Inasmuch as the urine specimen that petitioner provided
immediately prior to the visit tested negative for THC while the
specimen he provided after the visit twice tested positive, this
established that he ingested drugs during the visit and violated
family reunion program procedures (see 7 NYCRR 220.8 [c]; see
also Matter of Mannino v Fischer, 102 AD3d 1032, 1032 [2013], lv
denied 21 NY3d 855 [2013]).  Furthermore, the Hearing Officer's
denial of certain witnesses whose testimony would have been
irrelevant does not show that the Hearing Officer was biased, nor
is there anything in the record to establish that the
determination flowed from any such alleged bias (see Matter of
Mullamphy v Fischer, 112 AD3d 1177, 1177 [2013]; Matter of White
v Fischer, 108 AD3d 891, 892 [2013], lv denied 22 NY3d 853
[2013]).  We have considered petitioner's remaining contentions,
to the extent that they are properly before us, and find them to
be unavailing.

        Peters, P.J., McCarthy, Rose, Clark and Mulvey, JJ.,
concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court