Matter of Lightfoot v Morton (2019 NY Slip Op 06770)





Matter of Lightfoot v Morton


2019 NY Slip Op 06770


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-06615
 (Index No. 142/18)

[*1]In the Matter of Billy Lightfoot, petitioner,
v
Robert I. Morton, etc., respondent.


Billy Lightfoot, Dannemora, NY, petitioner pro se.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and David Lawrence III of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the Superintendent of the Downstate Correctional Facility dated September 11, 2017. The determination affirmed a determination of a Hearing Officer dated August 28, 2017, made after a tier II disciplinary hearing, finding that the petitioner was guilty of violating Institutional Rules of Conduct rule 113.24 (see 7 NYCRR 270.2[B][14][xiv]), and imposed a penalty.
ADJUDGED that the determination dated September 11, 2017, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.
The petitioner, an inmate at the Downstate Correctional Facility, was charged with violating a prison disciplinary rule which prohibits the use of controlled substances (see 7 NYCRR 270.2[B][14][xiv]). After a hearing at which the results of a urinalysis test were admitted (see 7 NYCRR 1020.5), the Hearing Officer found the petitioner guilty. The petitioner appealed to the respondent, who affirmed the Hearing Officer's determination and imposed a penalty. Subsequently, the petitioner commenced this proceeding pursuant to CPLR article 78 to review the respondent's determination.
"A prison disciplinary determination made as a result of a hearing at which evidence was taken pursuant to direction by law must be supported by substantial evidence" (Matter of Adamson v Barto, 37 AD3d 597, 598; see CPLR 7803[4]; Matter of Bryant v Coughlin, 77 NY2d 642, 647; Matter of Cumberland v Annucci, 161 AD3d 859, 859). "Substantial evidence means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact'" (Matter of Benito v Calero, 102 AD3d 778, 779, quoting 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180; see Matter of Charles v Rockland County Sheriff, 157 AD3d 670, 671; Matter of Jackson v Gerbing, 150 AD3d 734, 736).
Here, the misbehavior report, positive urinalysis test results, and request for urinalysis test form, together with the hearing testimony, provided substantial evidence that the petitioner was guilty of the charged prison disciplinary rule (see Matter of Callender v Prack, 128 AD3d 693, 694; Matter of Marshall v Fischer, 103 AD3d 726, 727-728). Additionally, the request for urinalysis test form and hearing testimony demonstrated the proper chain of custody (see 7 NYCRR 1020.4[f]; [*2]Matter of Cotterall v Taylor-Stewart, 145 AD3d 1245, 1246; Matter of Coleman v Bezio, 79 AD3d 1332, 1333; Matter of Odome v Goord, 8 AD3d 921, 922). Further, the petitioner's denial of the use of drugs and claim that his urine sample was tampered with presented a credibility issue for the Hearing Officer to resolve (see Matter of Blunt v Annucci, 155 AD3d 1226, 1227; Matter of Green v Annucci, 148 AD3d 1443, 1444).
The petitioner's right to call witnesses was not violated, as he failed to demonstrate that the requested witness could have provided testimony that was relevant to the charges or material to any issue in dispute (see Matter of Sparks v Annucci, 144 AD3d 1352, 1353; Matter of Miller v Annucci, 131 AD3d 1304, 1305). Similarly, the petitioner's contention that he was denied the right to submit documentary evidence is without merit inasmuch as the document he sought would have been irrelevant to the charges (see Matter of McMillian v Lempke, 149 AD3d 1492, 1493-1494; Matter of Medina v Prack, 101 AD3d 1295, 1297). Finally, there is no support in the record for the petitioner's claims that the Hearing Officer was biased against him or that he was otherwise denied a fair hearing (see Matter of Guadalupe v Venettozzi, 158 AD3d 883, 885; Matter of Yven Chen v Venettozzi, 141 AD3d 1072, 1073).
BALKIN, J.P., HINDS-RADIX, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court