Matter of Harrison v Venettozzi (2019 NY Slip Op 07982)





Matter of Harrison v Venettozzi


2019 NY Slip Op 07982


Decided on November 07, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 07, 2019

529105

[*1]In the Matter of Edward Harrison, Petitioner,
v
Donald Venettozzi, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: October 4, 2019

Before: Egan Jr., J.P., Lynch, Devine and Pritzker, JJ.


Edward Harrison, Ogdensburg, petitioner pro se.
Letitia James, Attorney General, Albany (Julie M. Sheridan of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.
After a sample of petitioner's urine twice tested positive for the presence of buprenorphine, he was charged in a misbehavior report with using a controlled substance. Following a tier III disciplinary hearing, petitioner was found guilty as charged. The determination was affirmed on administrative appeal, and this CPLR article 78 proceeding ensued.
We confirm. The disciplinary determination is supported by substantial evidence consisting of the misbehavior report, positive urinalysis test results and related documentation, as well as the testimony adduced at the hearing (see Matter of Onega v Rodriguez, 173 AD3d 1590, 1590 [2019]; Matter of Ayuso v Venettozzi, 170 AD3d 1407, 1407 [2019]; Matter of Hernandez v New York State Dept. of Corr. & Community Supervision, 167 AD3d 1206, 1206 [2018]; see also Public Health Law § 3306 [III] [e] [7]; 7 NYCRR 270.2 [B] [14] [xiv]). Petitioner's contention that the basis for the drug test was allegedly missing from the request for urinalysis form is belied by the form itself, which reflects that the circumstances leading to the drug test were "suspicion, red eyes, [and] slurred speech" (see 7 NYCRR 1020.4 [a] [1]). Petitioner also conceded at the hearing that the medication that he was taking would not produce positive drug test results. Further, petitioner's denial that he used a controlled substance presented a credibility issue for the Hearing Officer to resolve (see e.g. Matter of Ayuso v Venettozzi, 170 AD3d at 1407). Finally, the Hearing Officer's denial of petitioner's requested witness whose testimony would have been irrelevant to the determination of guilt does not demonstrate that the Hearing Officer was biased (see Matter of Horton v Annucci, 163 AD3d 1385, 1386 [2018]; Matter of Cotterell v Taylor-Stewart, 145 AD3d 1245, 1246 [2016]), and there is nothing in the record to indicate that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Hernandez v New York State Dept. of Corr. & Community Supervision, 167 AD3d at 1206). We have considered petitioner's remaining contentions and find that they are either unpreserved for our review or are lacking in merit. Therefore, we decline to disturb the disciplinary determination.
Egan Jr., J.P., Lynch, Devine and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.