Matter of Malloy v Rodriguez (2021 NY Slip Op 07049)





Matter of Malloy v Rodriguez


2021 NY Slip Op 07049


Decided on December 16, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 16, 2021

533149
[*1]In the Matter of Edward Malloy, Petitioner,
v
Anthony Rodriguez, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date:October 8, 2021

Before:Garry, P.J., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Edward Malloy, Comstock, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
During a frisk of incarcerated individuals on petitioner's cell block, an Office of Special Investigations K-9 dog alerted facility staff to the possible presence of drugs on petitioner. During an ensuing strip frisk of petitioner, he admitted to possessing contraband between his buttocks and then surrendered four glove fingers, three of which contained green leafy vegetation and one of which contained cash. The green leafy vegetation subsequently tested positive for synthetic cannabinoids. As a result of the foregoing, petitioner was charged in a misbehavior report with possessing drugs, using drugs and smuggling. Following a tier III disciplinary hearing, petitioner was found guilty of possessing drugs and smuggling and not guilty of using drugs. The charge of possessing drugs was ultimately dismissed upon administrative review, and the determination of guilt as to the remaining charge of smuggling was affirmed with a modified penalty.[FN1]
We confirm. Petitioner's procedural challenges to the disciplinary determination are without merit. The record reflects that valid extensions were obtained for adjournments due to the unavailability of a witness and the Hearing Officer and to afford petitioner time to review evidence that was given to him, and the hearing was therefore completed in a timely manner (see Matter of Morales v Venettozzi, 186 AD3d 1871, 1872 [2020]; Matter of Partak v Venettozzi, 175 AD3d 1633, 1634-1635 [2019]; Matter of Hyson v Annucci, 171 AD3d 1339, 1340 [2019]). "In any event, compliance with the regulatory time limits contained in 7 NYCRR 251-5.1 is directory only[,] and there is no indication of any substantive prejudice to petitioner resulting from the delay" (Matter of Anselmo v Annucci, 176 AD3d 1283, 1284 [2019] [internal quotation marks and citations omitted]; see Matter of Lopez v Annucci, 171 AD3d 1326, 1327 [2019]).
We reject petitioner's contention that he was improperly denied certain documentary evidence. As to petitioner's request for body camera video footage of the incident, petitioner's assistant requested such footage but was informed by facility staff that such footage did not exist (see Matter of Caraway v Annucci, 190 AD3d 1198, 1199 [2021]; Matter of Wimberly v Annucci, 185 AD3d 1364, 1365 [2020], lv denied 36 NY3d 903 [2020]), and the correction officer and the investigator involved in the incident each testified that he was not wearing a body camera at the time of the incident.[FN2] Nor was petitioner improperly denied access to the preliminary unusual incident report, as the record reflects that petitioner's assistant read the report to him (see Matter of Gaston v Fischer, 109 AD3d 1063, 1064 [2013]). In any event[*2], we have reviewed the report, "which does not contain any information exonerating petitioner of his guilt, nor has petitioner established that his ability to present a defense was prejudiced by not having received a copy of such report" (id.; see Matter of Phelps v Fischer, 108 AD3d 1003, 1004 [2013], appeal dismissed 22 NY3d 1046 [2014]; Matter of Seymour v Goord, 24 AD3d 831, 831-832 [2005], lv denied 6 NY3d 711 [2006]). Finally, we find that the Hearing Officer's denial of petitioner's request to call his assistant as a witness was not error, as the proposed testimony would have been irrelevant to the charge of smuggling (see Matter of White v Fischer, 108 AD3d 891, 892 [2013], lv denied 22 NY3d 853 [2013]; Matter of Mobayed v Fischer, 89 AD3d 1266, 1267 [2011]). We have considered petitioner's remaining contentions and find that they are either unpreserved for our review or are lacking in merit.
Garry, P.J., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: Given that the petition appears to raise an issue of substantial evidence, the proceeding was properly transferred to this Court. However, petitioner has abandoned any such challenge by failing to raise it in his brief (see Matter of Sudler v Annucci, 166 AD3d 1351, 1352 n [2018]).

Footnote 2: As petitioner argues, it has long been recognized that "[t]he right to present the testimony of impartial witnesses and real evidence to corroborate his [or her] version of the facts is particularly crucial to an accused [incarcerated individual], who obviously faces a severe credibility problem with trying to disprove the charges of a prison guard" (Wolff v McDonnell, 418 US 539, 583 [1974] [Marshall, J., concurring in part and dissenting in part] [emphasis added]). Petitioner questions why no video evidence was available; the record reveals that the officers had not been assigned body cameras while conducting the canine search of the cell block, and petitioner's request for the underlying procedures for use of such surveillance cameras during a "big frisk" was unanswered beyond the response that "not every job gets a body camera." We note petitioner's arguments but do not exercise our power to address them (see Matter of Pine v Annucci, ___ AD3d ___, ___, 2021 NY Slip Op 06903, *1 n 2 [2021]).