■ In the Matter of ROBERT CAMARANO, Petitioner, v DONALD SELSKY, as Director of Special Housing Inmate Disciplinary Program, Respondent. [691 NYS2d 188] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, was found guilty of violating the

prison disciplinary rule which prohibits inmates from the unauthorized use of a controlled substance after two urinalysis tests yielded positive results for the presence of opiates. Petitioner commenced this CPLR article 78 proceeding challenging the determination of his guilt.

As the determination is not supported by substantial evidence it must be annulled. While positive results of urinalysis tests can be sufficient to support a finding of guilt to the instant charge, an adequate foundation for the introduction of the test results must be provided (see, 7 NYCRR 1020.5 [a] [1]; Matter of Davis v McClellan, 202 AD2d 770, 770-771). Here, the urinalysis request form fails to set forth the chain of custody of petitioner's urine sample and indicates only when the specimen was destroyed. Moreover, there is a discrepancy between the retest number indicated on the request for urinalysis form as compared to the urinalysis log. Under these circumstances, we find that there is an insufficient foundation for the introduction of the urinalysis test results. In view of the foregoing, we need not address petitioner's remaining contentions.

Mikoll, J. P., Yesawich Jr., Peters and Graffeo, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references to this matter from petitioner's institutional record.