■ In the Matter of JUNIOR COLLINS, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [836 NYS2d 733]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County)

to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with using a controlled substance after a sample of his urine twice tested positive for the presence of cannabinoids. He was found guilty of the charge at the conclusion of a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

Initially, petitioner contends that the urine tested was not his as he gave his specimen on November 23, 2005 while the misbehavior report indicates that the specimen tested was provided on November 21, 2005. The correction officer who prepared the misbehavior report explained the discrepancy in dates by noting that he mistakenly wrote down the date the test was authorized instead of the date that the urine was provided. He also explained the testing procedure used and confirmed that the sample tested belonged to petitioner. This testimony, together with the urinalysis test documentation and positive results, adequately establish the chain of custody of the sample and provide substantial evidence supporting the determination of guilt (*see Matter of Odome v Goord*, 8 AD3d 921, 922 [2004]). The absence of a test number on the request for urinalysis form is not a fatal flaw given that the chain of custody of the sample was properly established. Our decision in *Matter of Camarano v Selsky* (260 AD2d 879 [1999]), relied upon by petitioner, does not compel a contrary result under the circumstances at hand.

Cardona, P.J., Crew III, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.