■ In the Matter of JUAN NUNEZ, Petitioner, v NORMAN R. BEZIO, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [929 NYS2d 779]—

After petitioner, a prison inmate, was required to submit to a random drug test, his urine twice tested positive for opiates and he was served with a misbehavior report charging him with the use of a controlled substance. A tier III disciplinary hearing ensued, after which petitioner was found guilty of that charge. The determination was affirmed administratively, prompting petitioner to commence this CPLR article 78 proceeding.

We confirm. To the extent that petitioner challenges the determination based upon substantial evidence grounds, the misbehavior report, positive test results and supporting documentation provided ample support for the determination of guilt (*see Matter of Evans v Bezio*, 84 AD3d 1622, 1622-1623 [2011]; *Matter of Hughes v Bezio*, 84 AD3d 1598, 1598 [2011]). With regard to petitioner's procedural contentions, the Hearing Officer properly denied his request to call an inmate witness, as petitioner sought testimony regarding the distribution of medication, which was irrelevant to the proceedings (*see Matter of Canty v Esgrow*, 83 AD3d 1322, 1322-1323 [2011], *lv denied* 17 NY3d 705 [2011]; *Matter of Harvey v Bradt*, 81 AD3d 1003, 1004 [2011]). Contrary to petitioner's claim that he was denied the right to call the facility nurse as a witness, the record shows that he made no such request at the hearing (*see Matter of Knight v Bezio*, 82 AD3d 1381, 1382 [2011], *lv denied* 17 NY3d 788 [2011]; *Matter of Lopez v Fischer*, 69 AD3d 1076, 1077 [2010]). Finally, we reject the contention that the Hearing Offi-

cer improperly relied on petitioner's disciplinary history in rendering the determination, as this information was considered solely for the purpose of determining the appropriate penalty to be imposed (*see Matter of Davis v Smith*, 32 AD3d 1096 [2006]; *Matter of Sow v Selsky*, 7 AD3d 903, 904 [2004]).

We have examined petitioner's remaining claims—including that he did not receive effective employee assistance—and find them to be unpreserved or without merit.

Spain, J.P., Lahtinen, Malone Jr., Stein and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.