*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 14, 2016                    521611
_____

In the Matter of WILLIAM JONES,
                    Petitioner,

            v                              MEMORANDUM AND JUDGMENT

BRIAN FISCHER, as Commissioner
    of Corrections and
    Community Supervision,
                    Respondent.
_____

Calendar Date:  February 23, 2016

Before:  Peters, P.J., Lahtinen, Rose and Lynch, JJ.

_____

        William Jones, Auburn, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent finding petitioner guilty of
violating a prison disciplinary rule.

        Petitioner was charged in a misbehavior report with using a
controlled substance after a sample of his urine twice tested
positive for the presence of cannibinoids.  He was found guilty
of the charge following a tier III disciplinary hearing and the
determination was later affirmed on administrative appeal.  This
CPLR article 78 proceeding ensued.

        We confirm.  The misbehavior report, positive urinalysis
test results and related documentation, together with the
testimony presented at the hearing, provide substantial evidence

supporting the determination of guilt (see Matter of Epps v Prack, 127 AD3d 1477, 1477 [2015]).  Petitioner denied that he consumed drugs and claimed that the misbehavior report was written in retaliation for a grievance he had filed against correction officers, one of whom requested the urinalysis tests here after observing petitioner's slurred speech and glassy eyes when petitioner came into the mess hall.  The officers involved in the testing denied knowing about the grievance at the time the drug test was ordered and denied that the test was in retaliation for the grievance, presenting a credibility issue which the Hearing Officer resolved against petitioner, finding no credible evidence to support this claim (see Matter of Harriott v Annucci, 131 AD3d 754, 754 [2015]).

Petitioner's claim of inadequate employee assistance is premised upon the assistant's failure to provide him with his grievance documents or to interview witnesses.  However, petitioner found the grievance documents and used them during the hearing, and the Hearing Officer accepted as true his testimony that he had filed them.  A review of the record reflects that petitioner was provided with all of the documents that were relevant to the charge of drug use, excluding only those that were immaterial to the charge or not available and those whose disclosure would jeopardize institutional safety, and he was afforded ample adjournments, curing any potential prejudice (see Matter of Castillo v Fischer, 120 AD3d 1493, 1493 [2014]; Matter of Hernandez v Fischer, 111 AD3d 1042, 1043 [2013]).  With regard to petitioner's requests to call as witnesses certain named and unnamed persons who were not involved in his drug testing, in order to establish that his grievance was common knowledge and that the subjects of the grievance were aware of and motivated by it, they were properly denied as irrelevant to the drug use charge (see Matter of Mullamphy v Fischer, 112 AD3d 1177, 1177 [2013]; Matter of Nunez v Bezio, 87 AD3d 1209, 1209 [2011], lv denied 18 NY3d 809 [2012]).  We have examined petitioner's remaining claims and determined that they lack merit.

Peters, P.J., Lahtinen, Rose and Lynch, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court