*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 28, 2016                    522101
_____

In the Matter of JEREMY L.
    WILLIAMS,
                        Petitioner,

        v                                      MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                        Respondent.
_____

Calendar Date:   June 6, 2016

Before:   Peters, P.J., Garry, Rose, Lynch and Clark, JJ.

_____

        Jeremy L. Williams, Malone, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this
court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent finding petitioner guilty of
violating a prison disciplinary rule.

        Petitioner was charged with violating the prison
disciplinary rule prohibiting the use of a controlled substance
after his urine twice tested positive for the presence of
opiates.  Following a tier III disciplinary hearing, petitioner
was found guilty as charged.  The determination was upheld upon
administrative appeal, and this CPLR article 78 proceeding
ensued.

        We confirm.  The misbehavior report, positive urinalysis

test results and related documentation, together with the testimony presented at the hearing, provide substantial evidence to support the determination of guilt (see Matter of Jones v Fischer, 138 AD3d 1294, 1295 [2016]; Matter of Jenkins v Annucci, 136 AD3d 1093, 1093 [2016]).  Inasmuch as petitioner denied that he had consumed drugs and alleged that the testimony of the correction officers contained inaccurate statements, these contentions presented credibility issues for the Hearing Officer to resolve (see Matter of Jones v Fischer, 138 AD3d at 1295; Matter of Green v Annucci, 134 AD3d 1376, 1377 [2015]).  In addition, contrary to petitioner's contentions, the documentary evidence and testimony from the correction officer who obtained the specimen and performed the urinalysis shortly thereafter established the unbroken chain of custody of the specimen and laid a foundation to permit consideration of the positive test results (see Matter of Jenkins v Annucci, 136 AD3d at 1093; Matter of Roman v Prack, 133 AD3d 959, 960 [2015]).[1]  Further, while the maintenance logs do not indicate whether the requisite quarterly maintenance of the urinalysis testing machine was completed within the fourth quarter of 2014, the hearing testimony established that this omission was a clerical error and the quarterly maintenance of the urinalysis testing machine was in fact performed in December 2014.  Finally, we find no merit to petitioner's contention that he was denied the right to call a witness from a medical testing laboratory, as the record establishes that petitioner declined to request any additional witnesses.  We have considered petitioner's remaining contentions, including his claim that the Hearing Officer exhibited bias, and find them to be without merit.

Peters, P.J., Garry, Rose, Lynch and Clark, JJ., concur.

---

[1]  This Court's decision in Matter of Camarano v Selsky (260 AD2d 879, 880 [1999]), relied upon by petitioner, does not compel a contrary result under the circumstances presented here (see Matter of Collins v Goord, 40 AD3d 1329, 1330 [2007]).

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court