■ In the Matter of GIL LEWIS, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [771 NYS2d 233]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules which prohibit inmates from participating in a demonstration, disobeying a direct order and violating movement regulations. The charges arose out of demonstrations which took place at Five Points Correctional Facility in Seneca County involving an inmate work stoppage and refusal to eat meals. The misbehavior report alleged that petitioner was assigned to the mess hall and, on June 4, 2002, he was one of a large group of inmates who refused a direct order to perform their mess hall duties, resulting in a lock down.

With respect to petitioner's participation with other inmates in the demonstration and violation of movement regulations, the misbehavior report and the hearing testimony given by a lieutenant and two correction officers who were witnesses to and participants in the events in question constitute substantial evidence of petitioner's guilt (see Matter of Rowe v Goord, 300 AD2d 728, 729 [2002]; Matter of Harris v Goord, 284 AD2d 841 [2001]). We find merit, however, in petitioner's challenge to the sufficiency of proof demonstrating that he disobeyed a direct order. It is undisputed that the lieutenant who gave the alleged order merely asked the group of protestors whether they were going to work or eat and, obtaining no response, directed them back to their cells. The majority of inmates—including petitioner—then promptly returned to their cells in an orderly fashion. The record before us does not support the conclusion that the lieutenant issued a direct order to petitioner which petitioner failed to follow. Accordingly, we cannot sustain the finding that petitioner disobeyed the direct order rule.

We are unpersuaded by petitioner's remaining contentions. Because the misbehavior report cites petitioner by name and specifically accuses him of participating in the demonstration and refusing to perform his regular work assignment of preparing the morning meal, it was clearly sufficient to enable him to prepare a defense (*see Matter of Encarnacion v Ricks,* 289 AD2d 625, 626 [2001], *lv denied* 97 NY2d 613 [2002]). Equally without merit is petitioner's assertion that the misbehavior report is defective because it was not endorsed by the lieutenant. Petitioner has failed to show that he was in any way prejudiced by this omission (*see Matter of Roman v Selsky,* 270 AD2d 519 [2000]; *Matter of Santana v Senkowski,* 269 AD2d 638 [2000]). The remaining issues raised herein have been examined and, to the extent that they have been preserved for our review, have been found to be without merit.

Cardona, P.J., Peters, Spain, Mugglin and Rose, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of disobeying a direct order; petition granted to that extent and respondent is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.