Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating a prison disciplinary rule.
Petitioner was charged in a misbehavior report with being under the influence of an intoxicant after a sample of his urine twice tested positive for the presence of ethyl alcohol. He was found guilty of the charge following a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
Petitioner challenges the validity of the positive urinalysis test results, which is among the evidence supporting the determination of guilt, based upon a lack of compliance with the necessary urinalysis testing procedures. Specifically, petitioner argues that it was not demonstrated that the reagents used to test his urine specimen came from the same lot number as required by Directive No. 4937, Attachment C. Upon reviewing the record, we must agree. After petitioner raised the issue at the hearing, the Hearing Officer took testimony over a speaker phone from the correction officer who tested petitioner’s urine specimen. Much of that testimony was inaudible and the correction officer could not provide specific information regarding the procedure followed, including the lot number of the reagents used, without referring to his paperwork, which he did not have before him. The Hearing Officer requested the correction officer to confer with him when the correction officer reported to work and apparently obtained further clarification of the issue off the record before reconvening the hearing. Significantly, the clarification was not made a part of the record through additional testimony of the correction officer and, thus, a proper foundation was not laid for the Hearing Officer’s reliance upon the positive test results (see e.g. Matter of Wyche v Coughlin, 191 AD2d 945 [1993], lv denied 82 NY2d 651 [1993]; compare Matter of David v Goord, 284 AD2d 752 [2001]; Matter of Springs v Murphy, 283 AD2d 697, 697 [2001]). Accordingly, we find that substantial evidence does not support the determination and it must be annulled. In view of our disposition, we need not address petitioner’s remaining claims.
Mercure, J.E, Spain, Malone Jr., McCarthy and Garry, JJ., *1174 concur. Adjudged that the determination is annulled, without costs, petition granted, and the Commissioner of Corrections and Community Supervision is directed to expunge all references to this matter from petitioner’s institutional record.