*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    July 24, 2014                    517114
_____

In the Matter of DERRICK OMARO,
                    Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

BRIAN FISCHER, as Commissioner
    of Corrections and Community
    Supervision,
                    Respondent.
_____

Calendar Date:   June 9, 2014

Before:   Peters, P.J., Stein, McCarthy, Devine and Clark, JJ.

                    _____


        Derrick Omaro, Attica, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondent.

                    _____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent which found petitioner
guilty of violating a prison disciplinary rule.

        Petitioner, a prison inmate, was found guilty of making an
unauthorized exchange of personal property when an anti-bullying
manual he wrote was found in another inmate's cell.  The
correction officer who authored the report noted that petitioner
had been instructed not to disseminate the manual, but did not
discover whether petitioner had actually given the manual to the
other inmate.  Petitioner testified that he had not done so, and
the record reflects that the manual is available to the general
public and could have been obtained from other sources.  The
Hearing Officer then stated that he had learned off the record

that petitioner had given the manual to another inmate, and relied upon petitioner's supposed "admission" as the basis for the determination of guilt.  Even assuming that it was proper for the Hearing Officer to rely on the off-the-record alleged admission, that evidence did not establish whether the inmate who received the manual was the same inmate whose possession of the manual formed the basis for the misbehavior report (compare Matter of Harrison v Bertone, 51 AD3d 1350, 1350 [2008]).  Therefore, substantial evidence does not exist to support petitioner's guilt of the charge alleged in the misbehavior report, and the determination must be annulled (see Matter of Campbell v Prack, 100 AD3d 1173, 1173 [2012]).

Petitioner's remaining contentions, including that the off-the-record alleged admission was improper to consider, are rendered academic by the foregoing.

Peters, P.J., Stein, McCarthy, Devine and Clark, JJ., concur.

ADJUDGED that the determination is annulled, without costs, petition granted, and respondent is directed to expunge all references to this matter from petitioner's institutional record.

ENTER:

Robert D. Mayberger
Clerk of the Court