*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 13, 2014                518841
_____

In the Matter of ERIC ROBINSON,
                    Petitioner,

         v                                 MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:  September 16, 2014

Before:  Lahtinen, J.P., McCarthy, Garry, Egan Jr. and Clark, JJ.

_____

        Eric Robinson, Attica, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastacco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent which found petitioner
guilty of violating certain prison disciplinary rules.

        In an effort to be placed into protective custody,
petitioner told a correction sergeant that he had incurred drug
debts and had smuggled money into the prison in order to pay them
off.  Petitioner was then charged in a misbehavior report with
smuggling and possession of money or unauthorized property and,
following a tier III disciplinary hearing, was found guilty as
charged.  The determination was affirmed on administrative
appeal, prompting petitioner to commence this CPLR article 78
proceeding.

Petitioner initially argues that he did not receive sufficient notice as to when the alleged misconduct occurred but, to the extent that issue is preserved for our review, it is without merit.  Petitioner admittedly told the sergeant that he had smuggled money into the prison, and the misbehavior report provided specific details as to who the visitor was who had assisted in that effort and when she had visited.  Under these circumstances, "the misbehavior report was sufficiently specific to apprise petitioner of the charge[] and allow him to prepare a meaningful defense" (Matter of Toro v Fischer, 104 AD3d 1036, 1037 [2013]; see Matter of Clark v Fischer, 111 AD3d 1045, 1046 [2013]).  Petitioner claimed that he fabricated the story and the visitor denied having smuggled anything into the facility, but that testimony presented credibility issues for the Hearing Officer to resolve (see Matter of Gren v Annucci, 119 AD3d 1307, 1308 [2014]).  Thus, despite the fact that the money itself was not recovered, we find that substantial evidence supports the determination (see id.).

Lahtinen, J.P., McCarthy, Garry, Egan Jr. and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court