*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  August 6, 2015                    519944
_____

In the Matter of RAMION BURT,
                    Petitioner,

       v

ANTHONY J. ANNUCCI, as Acting            MEMORANDUM AND JUDGMENT
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:   June 8, 2015

Before:   Peters, P.J., Lahtinen, Egan Jr. and Rose, JJ.

                    _____


       Ramion Burt, Gowanda, petitioner pro se.

       Eric T. Schneiderman, Attorney General, Albany (Peter H. Schiff of counsel), for respondent.

                    _____


       Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

       A correction officer observed petitioner in the shower smoking what appeared to a cigarette.  The officer confiscated the cigarette and observed that it did not contain tobacco.  When he asked petitioner what was in the cigarette, petitioner allegedly told the officer that it was synthetic marihuana.  The contents later tested negative for marihuana, but produced a false-positive result for amphetamines.  As a consequence of this incident, petitioner was charged in a misbehavior report with smoking, possessing an intoxicant and possessing contraband.  He was found guilty of the charges following a tier III disciplinary

hearing and the determination was later affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

Initially, petitioner is precluded by his plea of guilty from challenging that part of the determination finding him guilty of smoking (see Matter of Smith v Annucci, 126 AD3d 1198, 1198 [2015]; Matter of Fields v Prack, 120 AD3d 1510, 1511 [2014]). Moreover, the misbehavior report, related documentation and testimony presented at the hearing provide substantial evidence supporting petitioner's guilt of the charge of possessing contraband (see Matter of Curry v Fischer, 113 AD3d 981, 982 [2014]; Matter of Oliver v Fischer, 107 AD3d 1268, 1268-1269 [2013]).

We reach a different conclusion, however, with respect to the charge of possessing an intoxicant as proscribed by 7 NYCRR 270.2 (B) (14) (iii). That disciplinary rule states that "[a]n inmate shall not make, use, possess, sell, exchange, provide or be under the influence of any alcoholic beverage or intoxicant" and further provides that "[p]ossession, sale or exchange of yeast or any other fermenting agent is prohibited" (7 NYCRR 270.2 [B] [14] [iii]). Here, petitioner was not found to be in possession of alcohol or any other ingredient used to produce an intoxicating beverage. In addition, the urinalysis test administered to him did not test positive for alcohol or any other controlled substance (compare Matter of Campbell v Prack, 100 AD3d 1173, 1173 [2012]). Although correction officials believed that the substance in the cigarette was synthetic marihuana, this could not be confirmed through independent testing, as there was no testing system that could identify this particular substance. In view of the foregoing, we find that there is no evidence in the record to establish that the substance was an intoxicant within the meaning of the above disciplinary rule. Therefore, the determination of guilt with respect to this charge must be annulled. Moreover, inasmuch as a loss of good time was imposed as part of the penalty, the matter must be remitted to respondent for a redetermination of the penalty on the remaining charges (see Matter of Lopez v New York State Dept. of Corr. & Community Supervision, 125 AD3d 1032, 1033 [2015]; Matter of Nylander v Prack, 123 AD3d 1336, 1337 [2014]). Petitioner's other contentions have been considered and are

lacking in merit.

Peters, P.J., Lahtinen, Egan Jr. and Rose, JJ., concur.


ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possessing an intoxicant and imposed a penalty; petition granted to that extent, respondent is directed to expunge all references to this charge from petitioner's institutional record, and matter remitted to respondent for an administrative redetermination of the penalty on the remaining violations; and, as so modified, confirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court