*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    September 24, 2015              520620
_____

In the Matter of CURTIS
    RALANDS,
                        Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

ALBERT PRACK, as Director of
    Special Housing and Inmate
    Disciplinary Programs,
                        Respondent.
_____

Calendar Date:   August 10, 2015

Before:   Peters, P.J., Egan Jr., Rose and Devine, JJ.

                      _____


        Curtis Ralands, Attica, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

                      _____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Commissioner of Corrections and
Community Supervision which found petitioner guilty of violating
a prison disciplinary rule.

        Petitioner was charged in a misbehavior report with use of
an intoxicant after his urine twice tested positive for the
presence of synthetic marihuana.  Following a disciplinary
hearing, petitioner was found guilty as charged.  That
determination was affirmed on administrative appeal, prompting
petitioner to commence this CPLR article 78 proceeding.

Petitioner argues that he could not be found guilty of using an intoxicant, as the disciplinary rule that he was charged with violating only prohibits the use of alcohol. 7 NYCRR 270.2 (B) (14) (iii) provides that "[a]n inmate shall not make, use, possess, sell, exchange, provide or be under the influence of any alcoholic beverage or intoxicant." A regulation "must be read to give meaning to each word in it" and, because the rule here bars the use of alcoholic beverages or intoxicants, we have no difficulty concluding that it is directed toward two distinct categories of substances (Matter of Lower Manhattan Loft Tenants v New York City Loft Bd., 66 NY2d 298, 303 [1985]; compare People v Litto, 8 NY3d 692, 695 [2007]). Alcohol is perhaps the most renowned intoxicant, but the term more broadly includes any "intoxicating substance" (Oxford US English Dictionary, intoxicant [http://www.oxforddictionaries.com/us/definition /american_english/intoxicant]). Inasmuch as synthetic marihuana also "cause[s] [someone] to lose control of their faculties or behavior" (Oxford US English Dictionary, intoxicate [http:// www.oxforddictionaries.com/us/definition/american_english/intoxic ate]), its use is prohibited by 7 NYCRR 270.2 (B) (14) (iii).

The misbehavior report, hearing testimony, and positive test results and supporting documentation provide substantial evidence to support the finding of guilt (see Matter of Harriott v Annucci, 131 AD3d 754, 754 [2015]; Matter of Epps v Prack, 127 AD3d 1477, 1477 [2015]; compare Matter of Burt v Annucci, 131 AD3d 751, 752 [2015]). Petitioner's remaining contentions have been examined and found to be lacking in merit.

Peters, P.J., Egan Jr., Rose and Devine, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court