*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 12, 2016                    521702
_____

In the Matter of RONALD
    TIMMONS,
                        Petitioner,

        v                                          MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                        Respondent.
_____

Calendar Date:  March 29, 2016

Before:  McCarthy, J.P., Garry, Egan Jr., Mulvey and Aarons, JJ.

                      _____

        Ronald Timmons, Comstock, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

                      _____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent finding petitioner guilty of
violating a prison disciplinary rule.

        After petitioner's urine sample twice tested positive for
the presence of synthetic marihuana, he was charged in a
misbehavior report with violating the disciplinary rules that
prohibit the use of a controlled substance and the use of an
intoxicant.  Following a tier III disciplinary hearing,
petitioner was found guilty of using an intoxicant, and that
determination was affirmed upon administrative appeal.  This CPLR
article 78 proceeding ensued.

We confirm.  The misbehavior report, positive test results, related documentation and testimony at the hearing provide substantial evidence to support the determination of guilt (see Matter of Jenkins v Annucci, 136 AD3d 1093 [2016]; Matter of Ralands v Prack, 131 AD3d 1334, 1335 [2015]).  A review of the testing procedure forms and testimony of the correction officer who conducted the urinalysis tests establish the reliability of the positive test results and, contrary to petitioner's contention, identity of the exact chemical compounds detected in the synthetic marihuana was not necessary.  We are unpersuaded by petitioner's contention that he was improperly denied the right to call a witness as the Hearing Officer informed petitioner that representatives from the testing machine manufacturing company were unavailable to testify at the prison disciplinary hearing (see e.g. Matter of Alicea v Fischer, 89 AD3d 1245, 1246 [2011], lv denied 18 NY3d 807 [2012]).  We have reviewed petitioner's remaining contentions and find them to be without merit.

McCarthy, J.P., Garry, Egan Jr., Mulvey and Aarons, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.




ENTER:

Robert D. Mayberger
Clerk of the Court