## State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  June 23, 2016                    521915
_____

In the Matter of KEVIN BAILEY,
                    Petitioner,

        v

ALBERT PRACK, as Director of            MEMORANDUM AND JUDGMENT
    Special Housing and Inmate
    Disciplinary Programs,
    et al.,
                    Respondents.
_____

Calendar Date:  May 3, 2016

Before:  Lahtinen, J.P., McCarthy, Rose, Clark and Mulvey, JJ.

_____

        Kevin Bailey, Wallkill, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondents.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Commissioner of Corrections and
Community Supervision finding petitioner guilty of violating
certain prison disciplinary rules.

        Pursuant to the procedures governing family reunion visits,
petitioner provided a urine sample, known as a "B" sample, just
prior to the visit.  He thereafter provided another sample, known
as a "C" sample, immediately following the visit.  A correction
officer performed urinalysis tests on both samples.  The results
of the tests on the "B" sample were negative, but the "C" sample
twice tested positive for the presence of K2, synthetic
marihuana.  The testing officer concluded that petitioner had

used K2 during the visit and issued a misbehavior report charging him with using an intoxicant and violating family reunion program procedures (see 7 NYCRR 220.8).  Following a tier III disciplinary hearing, petitioner was found guilty as charged. The determination was affirmed on administrative appeal, and this CPLR article 78 proceeding ensued.

        We confirm.  The misbehavior report, drug test results and related documentation, together with the hearing testimony, provide substantial evidence to support the finding of guilt (see Matter of Jenkins v Annucci, 136 AD3d 1093, 1093 [2016]; Matter of Mannino v Fischer, 102 AD3d 1032, 1032 [2013], lv denied 21 NY3d 855 [2013]).  To the extent that petitioner argues to the contrary, we find that he was properly charged with violating disciplinary rule 113.13 (see Matter of Roman v Prack, 133 AD3d 959, 960 [2015]; Matter of Ralands v Prack, 131 AD3d 1334, 1335 [2015]).  Further, the record reflects that a proper chain of custody for the samples was established and that proper testing procedures were followed (see Matter of Roman v Prack, 133 AD3d at 960 [2015]; Matter of Cagle v Fischer, 108 AD3d 913, 913 [2013]).  Moreover, petitioner was not denied the right to call certain witnesses, inasmuch as he failed to demonstrate that the requested witnesses could have provided relevant testimony (see Matter of Miller v Annucci, 131 AD3d 1304, 1305 [2015]; Matter of Cato v Annucci, 127 AD3d 1481, 1481-1482 [2015]).  Finally, although there are some inaudible gaps in the hearing transcript, they are not so significant as to prevent meaningful review (see Matter of Rizzuto v Eastman, 134 AD3d 1308, 1308 [2015]; Matter of Sanders v Annucci, 128 AD3d 1156, 1157 [2015], appeal dismissed 26 NY3d 964 [2015]).  Petitioner's remaining claims have been considered and found to be without merit.

        Lahtinen, J.P., McCarthy, Rose, Clark and Mulvey, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:


Robert D. Mayberger
Clerk of the Court