*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 28, 2016                522462
_____

In the Matter of YVEN CHEN,
                  Petitioner,
        v                              MEMORANDUM AND JUDGMENT

DONALD VENETTOZZI, as Acting
    Director of Special Housing
    and Inmate Disciplinary
    Programs,
                  Respondent.
_____

Calendar Date:  June 6, 2016

Before:  McCarthy, J.P., Egan Jr., Rose, Devine and Aarons, JJ.

_____

        Yven Chen, Napanoch, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Commissioner of Corrections and
Community Supervision finding petitioner guilty of violating
certain prison disciplinary rules.

        Petitioner was charged in a misbehavior report with
smuggling, possessing a tool without authorization and possessing
an article in an area where its possession is prohibited.  The
charges stemmed from his failure to return a seam ripper that had
been assigned to him earlier that day as part of his job in the
facility laundry room.  After the seam ripper was discovered to
be missing, petitioner was located in the prison yard with it in
his pocket.  Following a tier III disciplinary hearing,

petitioner was found not guilty of smuggling, but guilty of the remaining charges.  The determination was affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

We confirm.  The misbehavior report and petitioner's hearing testimony provide substantial evidence supporting the determination of guilt (see Matter of Goode v Chappius, 118 AD3d 1225, 1226 [2014]; Matter of Newman v Department of Corr. Servs., 110 AD3d 1309, 1309-1310 [2013]).  Petitioner admitted at the hearing that he had taken the seam ripper out of the laundry room and into the yard without authorization.  Although he contends that he forgot that the tool was in his pocket and that he did not intend to take it out of the laundry room, the rules against possessing a tool without authorization and possessing it in a prohibited area apply regardless of an inmate's intent (see 7 NYCRR 270.2 [B] [14] [viii], [xii]; Matter of Bottom v Annucci, 26 NY3d 983, 986 [2015]).  Finally, upon reviewing the record, we find no support for petitioner's contention that the Hearing Officer was biased or that he was otherwise denied a fair hearing (see Matter of Jackson v Prack, 137 AD3d 1133, 1135 [2016]; Matter of Quezada v Fischer, 113 AD3d 1004, 1004 [2014]).  Petitioner's remaining claims have been considered and found to be without merit.

McCarthy, J.P., Egan Jr., Rose, Devine and Aarons, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court