*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 15, 2016          522609
_____

In the Matter of JAMES C.
    HINES II,
                    Petitioner,

        v                                MEMORANDUM AND JUDGMENT

DONALD VENETTOZZI, as Acting
    Director of Special Housing
    and Inmate Disciplinary
    Programs,
                    Respondent.
_____

Calendar Date:  August 8, 2016

Before:  McCarthy, J.P., Garry, Lynch, Rose and Devine, JJ.

_____

        James C. Hines II, Elmira, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Commissioner of Corrections and
Community Supervision finding petitioner guilty of violating a
prison disciplinary rule.

        Two separate tests of petitioner's urine sample yielded
positive results for the presence of synthetic marihuana and,
consequently, petitioner was charged in a misbehavior report with
violating the prison disciplinary rule prohibiting inmates from
using an intoxicant (see 7 NYCRR 270.2 [B] [14] [iii]).  He was
found guilty of the charge following a tier III disciplinary
hearing and the determination was later upheld on administrative

appeal. This CPLR article 78 proceeding ensued.

We confirm. Substantial evidence, consisting of the misbehavior report, positive urinalysis test results and related documentation and the hearing testimony, supports the determination finding petitioner guilty of using an intoxicant (see Matter of Belle v Prack, 140 AD3d 1509, 1510 [2016]; Matter of Ralands v Prack, 131 AD3d 1334, 1335 [2015]). Although petitioner maintains that the test results were fraudulent and that there is no test to detect the presence of synthetic marihuana, this claim is belied by the record. In regard to the reliability of the test results, we note that the "identity of the exact chemical compounds detected in the synthetic marihuana was not necessary" (Matter of Timmons v Annucci, 139 AD3d 1224, 1224 [2016]). Petitioner's remaining arguments have not been preserved for our review.

McCarthy, J.P., Garry, Lynch, Rose and Devine, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court