# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  September 22, 2016                522604
_____

In the Matter of EON SHEPHERD,
                    Petitioner,

         v                                MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:  August 8, 2016

Before:  Peters, P.J., McCarthy, Egan Jr., Rose and Aarons, JJ.

_____

        Eon Shepherd, Romulus, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.

        Petitioner was ordered to submit a urine specimen for testing, and it twice tested positive for the presence of K2, synthetic marihuana.  As a result, he was charged in a misbehavior report with violating the disciplinary rules that prohibit the use of a controlled substance and an intoxicant.  Following a tier III disciplinary hearing, petitioner was found guilty of using an intoxicant, and that determination was affirmed upon administrative appeal.  This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, positive drug test results, related documentation and the hearing testimony provide substantial evidence to support the finding that petitioner had used synthetic marihuana, an intoxicant (see Matter of Martinez v Annucci, 134 AD3d 1380, 1380 [2015]; Matter of Ralands v Prack, 131 AD3d 1334, 1335 [2015]). Petitioner's denial that he used an intoxicant presented a credibility issue for the Hearing Officer to resolve (see Matter of Belle v Prack, 140 AD3d 1509, 1510 [2016]). We also conclude that the documentary evidence and hearing testimony establish that petitioner's urine sample was properly handled and that the testing procedures — which were capable of testing for synthetic marihuana or K2 — were properly followed and that the test results were therefore reliable (see 7 NYCRR 1020.5 [a] [1]; Matter of Roman v Prack, 133 AD3d 959, 960 [2015]; Matter of Figueroa v Goord, 15 AD3d 705, 706 [2005]).

Turning to petitioner's procedural claims, the record establishes that petitioner was provided with all of the required testing documentation — including the required urinalysis procedure and test forms — in addition to pertinent logs and calibration reports and was afforded an opportunity to review a departmental memorandum regarding the testing of K2 and the testing officer's training certificate (see 7 NYCRR 1020.4 [f] [1] [iv]; 1020.5 [a]; Matter of Smith v Prack, 138 AD3d 1286, 1287 [2016]; Matter of Paddyfote v Fischer, 118 AD3d 1240, 1241 [2014]). We further reject petitioner's contention that he was denied adequate employee assistance given that the Hearing Officer remedied any deficiencies, and petitioner has not demonstrated that he was prejudiced (see Matter of McMaster v Annucci, 138 AD3d 1289, 1290 [2016], lv denied ___ NY3d ___ [Sept. 13, 2016]). Nor has petitioner demonstrated that he was denied access to his attorney, as the Hearing Officer adjourned the hearing to afford petitioner time to speak with his attorney (compare Matter of Jeckel v New York State Dept. of Corr., 111 AD3d 1180, 1181 [2013]). We have reviewed petitioner's remaining contentions, including his claim that the Hearing Officer exhibited improper bias, and find them to be lacking in merit.

Peters, P.J., McCarthy, Egan Jr., Rose and Aarons, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court