*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 8, 2016                    523093
_____

In the Matter of DERREL AUSTIN,
                    Petitioner,

          v                                    MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:  October 25, 2016

Before:  McCarthy, J.P., Egan Jr., Lynch, Rose and Clark, JJ.

                    _____


        Derrel Austin, Romulus, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondent.

                    _____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent finding petitioner guilty of
violating certain prison disciplinary rules.

        Following an investigation that revealed petitioner's
involvement in the supply and distribution of synthetic
marihuana, or K-2, within the prison facility to five other
inmates, he was charged in a misbehavior report with smuggling,
selling an intoxicant and possession of a dangerous substance.
Following a tier III disciplinary hearing, petitioner was found
guilty of smuggling and selling an intoxicant.  The determination
was affirmed on administrative appeal, and this CPLR article 78
proceeding ensued.

We confirm. The misbehavior report and hearing testimony, as well as the confidential testimony submitted for in camera review, provide substantial evidence to support the determination that petitioner was guilty of smuggling and selling an intoxicant (see Matter of Ellison v Annucci, 142 AD3d 1233, 1234 [2016]; Matter of Ralands v Prack, 131 AD3d 1334, 1335 [2015]). Although petitioner denied that he smuggled or sold an intoxicant, these exculpatory claims presented credibility issues for the Hearing Officer to resolve (see Matter of Gano v Venettozzi, 142 AD3d 1240, 1241 [2016]; Matter of Robinson v Annucci, 122 AD3d 1055, 1055 [2014]). We are also unpersuaded by petitioner's assertion that synthetic marihuana is not an intoxicant and that he was therefore improperly charged with use of an intoxicant (see Matter of Roman v Prack, 133 AD3d 959, 960 [2015]; Matter of Ralands v Prack, 131 AD3d at 1335; compare Matter of Burt v Annucci, 131 AD3d 751, 752 [2015]).

Turning to the balance of petitioner's contentions, we find that the misbehavior report was sufficiently detailed to provide him with adequate notice of the charges so as to enable him to prepare a defense (see 7 NYCRR 251-3.1 [c] [1], [4]; Matter of Bailey v Annucci, 142 AD3d 1195, 1196 [2016]; Matter of Zimmerman v Annucci, 139 AD3d 1205, 1206 [2016]). We further reject petitioner's argument that he was denied adequate employee assistance given that the Hearing Officer remedied any purported deficiencies and petitioner has not demonstrated that he was prejudiced (see Matter of McMaster v Annucci, 138 AD3d 1289, 1290 [2016], lv denied 28 NY3d 902 [2016]; Matter of Pooler v Fischer, 107 AD3d 1256, 1257 [2013], lv denied 22 NY3d 855 [2013]). Finally, upon reviewing the record, including the confidential testimony, we find no basis to conclude that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Bailey v Annucci, 142 AD3d at 1196; Matter of Linares v Fischer, 119 AD3d 1300, 1301 [2014], lv denied 24 NY3d 909 [2014]). We have considered petitioner's remaining contentions and find them to be without merit.

McCarthy, J.P., Egan Jr., Lynch, Rose and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court