*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   December 15, 2016                    522722
_____

In the Matter of JAVARES
    STREETER,
                        Petitioner,

        v
                                            MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                        Respondent.
_____

Calendar Date:   October 25, 2016

Before:   McCarthy, J.P., Lynch, Rose, Devine and Aarons, JJ.

_____

        Javares Streeter, Comstock, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

        A sample of urine provided by petitioner after a family reunion program visit twice tested positive for the presence of K2, synthetic marihuana, and a sample of his urine provided prior to the visit tested negative.  As a result, he was charged in a misbehavior report with using an intoxicant and violating family reunion program procedures (see 7 NYCRR 220.8).  Following a tier III disciplinary hearing, petitioner was found guilty as charged, and the determination was affirmed on administrative appeal.  This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, drug test results and related documentation and the hearing testimony provide substantial evidence to support the finding of guilt (see Matter of Bailey v Prack, 140 AD3d 1508, 1509 [2016], lv denied 28 NY3d 904 [2016]). Contrary to his claims, petitioner was provided with all of the testing documents required to be disclosed, a proper foundation was laid for the admission of the test results and the specimen's chain of custody was established through information contained in the request for urinalysis form (see Matter of Paddyfote v Fischer, 118 AD3d 1240, 1241 [2014]; 7 NYCRR 1010.5). Further, the "identity of the exact chemical compounds detected in the synthetic marihuana was not necessary" (Matter of Timmons v Annucci, 139 AD3d 1224, 1224 [2016], lv denied 28 NY3d 903 [2016]). We have previously recognized that rule 113.13, which prohibits the use of "intoxicant[s]" (7 NYCRR 270.2 [B] [14] [iii]), applies to synthetic marihuana (see Matter of Ralands v Prack, 131 AD3d 1334, 1335 [2015]; see also Matter of Shepherd v Annucci, 142 AD3d 1244, 1244 [2016]).

Regarding petitioner's allegation that he was denied the right to call as a witness an employee representative of the urinalysis equipment manufacturer, this is incorrect. The record reflects that the Hearing Officer called the company and advised petitioner that the company declined to send a witness to testify at the hearing (see Matter of Smith v Prack, 138 AD3d 1286, 1287 [2016]). Petitioner's remaining claims, to the extent that they are preserved, have been reviewed and found to be lacking in merit.

McCarthy, J.P., Lynch, Rose, Devine and Aarons, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:

Robert D. Mayberger
Clerk of the Court