State of New York
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: February 2, 2017                    522836
_____

In the Matter of KARRIEM
    VARGAS,
                         Petitioner,

        v
                                              MEMORANDUM AND JUDGMENT
ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                         Respondent.
_____

Calendar Date: November 29, 2016

Before: Peters, P.J., McCarthy, Egan Jr., Lynch and Aarons, JJ.

                    _____

        Karriem Vargus, New York City, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

                    _____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.

        Upon being examined by a correctional facility nurse for a reported medical emergency, petitioner was charged in a misbehavior report with using an intoxicant. Following a tier III disciplinary hearing, petitioner was found guilty and that determination was affirmed upon administrative appeal with a modified penalty. This CPLR article 78 proceeding ensued.

        We are unpersuaded by petitioner's contention that, because his urinalysis test was negative, substantial evidence does not

support the determination of guilt.  The record establishes that the misbehavior report was based upon an examination of petitioner by the correction facility nurse.  The nurse testified that petitioner's sluggish behavior during the examination and his vital signs, particularly his pinpoint and fixed pupils, indicated that petitioner was under the influence of an intoxicant.  We find that the misbehavior report, supporting documentation, testimony at the hearing, particularly that of the nurse based upon her experience, examination and observation of petitioner, are "sufficiently relevant and probative . . . to constitute substantial evidence" of petitioner's guilt (Matter of Foster v Coughlin, 76 NY2d 964, 966 [1990] [internal quotation marks and citation omitted]; see Matter of Panek v Goord, 23 AD3d 966, 967 [2005], lv denied 6 NY3d 709 [2006]; Matter of Eckert v Selsky, 247 AD2d 728, 729 [1998]).  Petitioner's contention that he was suffering from dehydration, an assertion that the nurse testified was inconsistent with his pinpoint pupils, created a credibility issue for the Hearing Officer to resolve (see Matter of Shepherd v Annucci, 142 AD3d 1244, 1244 [2016]).

Peters, P.J., McCarthy, Egan Jr., Lynch and Aarons, JJ., concur.


ADJUDGED that determination is confirmed, without costs, and petition dismissed.


ENTER:

Robert D. Mayberger
Clerk of the Court