■ In the Matter of DARRYL GRATE, Petitioner, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent. [56 NYS3d 484]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.

After petitioner's urine specimen twice tested positive for K2, known as synthetic marihuana, he was charged in a misbehavior report with using or being under the influence of an intoxicant. Following a tier III disciplinary hearing, he was found guilty as charged and the determination was upheld on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, positive drug test results, related documentation and hearing testimony provide substantial evidence to support the determination finding petitioner guilty of using an intoxicant (*see Matter of Streeter v Annucci*, 145 AD3d 1300, 1301 [2016]; *Matter of Bailey v Prack*, 140 AD3d 1508, 1509 [2016], *lv denied* 28 NY3d 904 [2016]). Petitioner's contention that K2 is not a controlled substance is unavailing, as he was charged with violating rule 113.13, which prohibits the use of "intoxicant[s]" (7 NYCRR 270.2 [B] [14] [iii]) and applies to synthetic marihuana (*see Matter of Streeter v Annucci*, 145 AD3d at 1301; *Matter of Austin v Annucci*, 145 AD3d 1263, 1264 [2016]). Further, the "identity of the exact chemical compounds detected in the synthetic marihuana was not necessary" (*Matter of Timmons v Annucci*, 139 AD3d 1224, 1224 [2016], *lv denied* 28 NY3d 903 [2016]). The correction officer who tested the specimen verified his report and testified that he had followed proper procedures; he also attested that he had been trained in the use of the urinalysis testing apparatus and that the apparatus itself and not the operator identifies the substance in the specimen (*see* 7 NYCRR 1020.4 [f] [1] [iii], [iv]). This testimony and the related documents provided to petitioner established that appropriate testing procedures

were followed and, thus, that the test results were reliable (*see* 7 NYCRR 1020.5 [a]; *Matter of Shepherd v Annucci*, 142 AD3d 1244, 1245 [2016], *lv denied* 28 NY3d 914 [2017]).

Although the hearing transcript contains recurring gaps, we do not find that they preclude meaningful judicial review (*see Matter of Simpson v Rodriguez*, 149 AD3d 1448, 1450 [2017]). Petitioner's remaining claims, to the extent that they are preserved for our review, have been considered and determined to lack merit.

Peters, P.J., Egan Jr., Rose, Clark and Rumsey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.