■ In the Matter of LUSHER WALLACE, Petitioner, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent. [59 NYS3d 913]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

A correction officer conducted a search of petitioner's cell and found, among other things, quantities of a brown loose powder and a green leafy substance that both tested positive for amphetamine. Petitioner was thereafter charged in a misbehavior report with possessing an intoxicant and drug possession and, following a tier III disciplinary hearing, petitioner was found guilty as charged. The determination was affirmed on administrative appeal, and this CPLR article 78 proceeding ensued.

Respondent does not defend that part of the determination finding petitioner guilty of having possessed an intoxicant and, indeed, frankly states that "[t]he record does not appear to support" it. Our review of the record leaves us far less convinced of the hopelessness of respondent's cause but, in light of respondent's admission to one of "the . . . errors pointed out in [petitioner]'s brief" and concomitant refusal to offer a defense, we choose to annul that part of the determination "without passing in detail" upon it (4 CJS, Appeal and Error § 747). Substantial evidence, in the form of the detailed misbehavior report, hearing testimony and information considered by the Hearing Officer, does exist to support that part of the determination finding petitioner guilty of possessing drugs (*see Matter of Wendell v Annucci*, 149 AD3d 1430,

1430-1431 [2017]; *Matter of Austin v Annucci*, 145 AD3d 1263, 1264 [2016]). Petitioner's claim that he did not possess drugs presented a credibility issue for the Hearing Officer to resolve (*see Matter of Shepherd v Annucci*, 142 AD3d 1244, 1244 [2016], *lv denied* 28 NY3d 914 [2017]; *Matter of Belle v Prack*, 140 AD3d 1509, 1510 [2016]). Nevertheless, since part of the determination must be annulled and the penalty included a recommended loss of good time, remittal is required for a redetermination of the penalty (*see Matter of Dizak v Prack*, 120 AD3d 1472, 1473 [2014], *lv denied* 24 NY3d 916 [2015]).

Petitioner's remaining contentions are unavailing. Notwithstanding a clerical error on one of the drug testing forms, the hearing testimony, including the testimony from the correction officer who performed the drug tests, and the related documentation establish that the rules and regulations governing drug testing were followed (*see Matter of Sealy v New York State Dept. of Corr. & Community Supervision*, 147 AD3d 1127, 1127 [2017], *lv denied* 29 NY3d 912 [2017]; *Matter of Bailey v Prack*, 140 AD3d 1508, 1509 [2016], *lv denied* 28 NY3d 904 [2016]). Further, since petitioner was away from his cell when the cell search was conducted, he was not improperly denied the opportunity to observe it (*see Matter of Mason v Annucci*, 153 AD3d 1013, 1014 [2017]; *Matter of Bartello v Annucci*, 142 AD3d 1194, 1194 [2016]). Finally, the record gives no reason to believe that the Hearing Officer was biased against petitioner or that the determination flowed from any alleged bias (*see Matter of Bekka v Annucci*, 137 AD3d 1446, 1447 [2016]). Petitioner's remaining contentions are either unpreserved for our review or are lacking in merit.

Peters, P.J., Egan Jr., Devine, Clark and Aarons, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possessing an intoxicant; petition granted to that extent, respondent is directed to expunge all references to this charge from petitioner's institutional record and matter remitted to respondent for an administrative redetermination of the penalty imposed upon the remaining violation; and, as so modified, confirmed.