Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent Superintendent of Eastern N.Y. Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.
 

 Petitioner, a prison inmate who worked in the facility’s mattress shop, was charged in a misbehavior report with refusing a direct order, participating in a work stoppage and unauthorized assembly. The charges arose after petitioner and a number of other inmates stopped working and stood in line for the inmate bathroom—apparently to protest the shop’s newly implemented bathroom pass policy. Following a tier II disciplinary hearing, petitioner was found guilty of participating in a work stoppage and disobeying a direct order and not guilty of unauthorized assembly. Petitioner’s administrative appeal was unsuccessful, and this CPLR article 78 proceeding ensued.
 

 We confirm. The misbehavior report and the testimony of its author provide substantial evidence to support the determination (see Matter of Harris v Goord, 284 AD2d 841, 841 [2001]; cf. Matter of Lewis v Goord, 3 AD3d 681, 682 [2004]; see generally Matter of Legeros v Annucci, 147 AD3d 1175, 1175-1176 [2017]). The author of the misbehavior report identified petitioner as one of the inmates standing in line at the time of the incident and testified that the inmates refused “several orders to disperse.” Additionally, petitioner was interviewed by a correction lieutenant following the incident, who testified that petitioner admitted that he stood in line with the other inmates, at least for a short period of time. Petitioner’s exculpatory explanations presented a credibility issue for the Hearing Officer to resolve (see Matter of Legeros v Annucci, 147 AD3d at 1176; Matter of Perea v Fischer, 107 AD3d 1253, 1253 [2013]), and his objections to the shop’s bathroom policy—regardless of whether they are valid—do not excuse his failure to comply with institutional rules and orders, which implicates facility safety and security (see Matter of Hudyih v Smith, 129 AD3d 1435, 1435-1436 [2015], lv denied 26 NY3d 909 [2015]).
 

 Petitioner’s procedural claims are equally unavailing. The misbehavior report, which sets forth the particulars of the incident, as well as the time, date and location where it occurred, was sufficiently specific to both provide petitioner with notice of the charges against him and enable him to discern his role in the incident, thereby affording him an opportunity to prepare a meaningful defense (see 7 NYCRR 251-3.1 [c]; Matter of Pagan v Venettozzi, 151 AD3d 1508, 1509 [2017]; Matter of Caraway v Annucci, 144 AD3d 1296, 1297 [2016], lv denied 29 NY3d 903 [2017]). To the extent that petitioner’s challenge to the timeliness of the hearing is preserved for our review, we find it to be lacking in merit, as the hearing was completed within the time period authorized by and set forth in the valid extensions that were obtained (see Matter of Wigfall v Department of Corr. & Community Supervision, 153 AD3d 1464, 1465 [2017]; Matter of Jackson v Annucci, 144 AD3d 1285, 1286 [2016], lv denied 29 NY3d 907 [2017]). “In any event, the regulatory time limits are directory, rather than mandatory, and petitioner has failed to show that he suffered prejudice as a result of the . . . delay” (Matter of Blocker v Fischer, 100 AD3d 1118, 1119 [2012] [citation omitted], lv denied 21 NY3d 857 [2013]). Further, while there indeed are some inaudible gaps in the hearing transcript, we do not find them to be “so significant as to preclude meaningful review” (Matter of Heyliger v Kirkpatrick, 153 AD3d 989, 990 [2017]; see Matter of Grate v Annucci, 152 AD3d 1127, 1128 [2017]). Finally, “the record does not disclose that the Hearing Officer was biased or that the determination flowed from any alleged bias” (Matter of Lyons v Annucci, 152 AD3d 1099, 1100 [2017]; see Matter of Freeman v Annucci, 151 AD3d 1509, 1511 [2017]). Petitioner’s remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
 

 McCarthy, J.P., Lynch, Devine, Aarons and Pritzker, JJ., concur.
 

 Adjudged that the determination is confirmed, without costs, and petition dismissed.