Matter of Guadalupe v Venettozzi (2018 NY Slip Op 00598)





Matter of Guadalupe v Venettozzi


2018 NY Slip Op 00598


Decided on February 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 1, 2018

525089

[*1]In the Matter of JOSE GUADALUPE, Petitioner,
v
DONALD VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: December 13, 2017

Before: Garry, P.J., Egan Jr., Devine, Mulvey and Rumsey, JJ.


Jose Guadalupe, Fallsburg, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Following a family reunion visit with his wife, petitioner provided a urine sample that twice tested positive for the presence of buprenorphine, after a sample he had provided prior to the visit tested negative. He was thereafter charged in a misbehavior report with using a controlled substance and violating family reunion program procedures. Following a tier III disciplinary hearing, petitioner was found guilty as charged.
This determination was affirmed on administrative appeal, and this CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, positive urinalysis test results and related documentation, together with the hearing testimony, provide substantial evidence supporting the determination of guilt (see Matter of Streeter v Annucci, 145 AD3d 1300, 1301 [2016]; Matter of Bailey v Prack, 140 AD3d 1508, 1509 [2016], lv denied 28 NY3d 904 [2016]). The chain of custody of the sample was properly established through the information contained in the request for urinalysis form and the testimony of the correction officer who collected and tested the [*2]sample (see Matter of Cotterell v Taylor-Stewart, 145 AD3d 1245, 1246 [2016]; Matter of Martinez v Annucci, 134 AD3d 1380, 1381 [2015]). The form indicates that there was approximately a one-hour gap between when the sample was obtained and when it was placed in the freezer, and the officer testified that the sample was locked in the family reunion program office during that time and that he was the only one with access to the office (see Matter of Mitchell v Goord, 28 AD3d 1039, 1040 [2006]).
We also reject petitioner's contention that, because both positive test results were obtained by the same testing officer, a proper foundation for the admission of the drug test results was not established. 7 NYCRR 1020.4 former (e) (1) (iv) indicated that, once an initial positive test result is obtained, a second test "shall be performed on the same sample, by a different trained individual, if available," but that language was deleted well before the testing here was conducted (see 7 NYCRR 1020.4 [f] [1] [iv]; see also Dept of Corr & Community Supervision Directive No. 4937 [G] [1] [d]). Accordingly, the Hearing Officer properly denied, as irrelevant, petitioner's request for a list of other certified correction officers that could have conducted the second test (see Matter of Grant v Rock, 122 AD3d 1225, 1226 [2014]; Matter of Bornstorff v Bezio, 73 AD3d 1397, 1398 [2010]). Similarly, petitioner was not denied adequate employee assistance by the assistant's failure to provide the list of certified correction officers (see Matter of Rosales v Pratt, 98 AD3d 764, 764 [2012], lv denied 19 NY3d 816 [2012]; Matter of Randall v Fischer, 94 AD3d 1302, 1302 [2012]). Finally, we reject petitioner's contention that the Hearing Officer was biased or that petitioner was otherwise denied a fair hearing (see Matter of McBride v Annucci, 142 AD3d 1218, 1219 [2016]; Matter of Yven Chen v Venettozzi, 141 AD3d 1072, 1073 [2016]). Petitioner's remaining claims, to the extent that they are properly before us, have been considered and found to be without merit.
Garry, P.J., Egan Jr., Devine, Mulvey and Rumsey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.