Matter of Ortiz v Annucci (2018 NY Slip Op 02531)





Matter of Ortiz v Annucci


2018 NY Slip Op 02531


Decided on April 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 12, 2018

525508

[*1]In the Matter of DAVID ORTIZ, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: March 2, 2018

Before: Garry, P.J., Egan Jr., Devine, Mulvey and Pritzker, JJ.


David Oritz, New York City, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Julie M. Sheridan of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Following the receipt of confidential information that petitioner was in possession of a weapon, a cube search was performed and a seven-inch sharpened metal rod was found secreted under some clothing on the bottom shelf of petitioner's locker. He was subsequently charged in a misbehavior report with possessing a weapon and possessing contraband. Following a tier III disciplinary hearing, petitioner was found guilty of both charges. That determination was upheld on administrative appeal, with a reduction in the penalty assessed. Petitioner thereafter commenced this CPLR article 78 proceeding.
We confirm. The misbehavior report, testimony from the correction officers who performed the search and documentary evidence provide substantial evidence to support the determination of guilt (see Matter of Shearer v Annucci, 155 AD3d 1277, 1277 [2017]; Matter of Baez v Venettozzi, 155 AD3d 1231, 1232 [2017]). Inasmuch as petitioner was already out of his cube at the time of the search, he was not improperly denied the opportunity to observe it (see Matter of Wallace v Annucci, 153 AD3d 1499, 1500 [2017]; Matter of Mason v Annucci, 153 AD3d 1013, 1014 [2017]). Contrary to petitioner's contention, the Hearing Officer was not obligated to independently assess the credibility of the confidential information, as the determination of guilt was based upon the actual discovery of the weapon (see Matter of Clark v Smith, 155 AD3d 1232, 1233 [2017]; Matter of Mason v Annucci, 153 AD3d at 1014). Finally, we find that the misbehavior report provided petitioner adequate notice of the charges against him, thus affording him an opportunity to prepare a defense (see Matter of Robinson v Lee, 155 AD3d 1169, 1170 [2017]; Matter of Caraway v Annucci, 144 AD3d 1296, 1297 [2016], lv [*2]denied 29 NY3d 903 [2017]). Petitioner's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Egan Jr., Devine, Mulvey and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.