Matter of Poliandro v Venettozzi (2018 NY Slip Op 02866)





Matter of Poliandro v Venettozzi


2018 NY Slip Op 02866


Decided on April 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 26, 2018

525590

[*1]In the Matter of VINCENT POLIANDRO, Petitioner,
v
DONALD VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: March 2, 2018

Before: Garry, P.J., Egan Jr., Devine, Aarons and Pritzker, JJ.


Vincent Poliandro, Moravia, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.
Following a tier III disciplinary hearing, petitioner, a prison inmate, was found guilty of violating the prison disciplinary rule prohibiting the possession of a weapon. The charge was based upon the recovery of a shank-type weapon made from a tailor shop needle melted into the ink tube of a plastic pen, discovered during a frisk of petitioner's cell. Upon administrative appeal, the penalty imposed was reduced, but the
determination was otherwise upheld. Thereafter, petitioner commenced this CPLR article 78 proceeding seeking its annulment.
We confirm. The misbehavior report, supporting documentation and testimony of the correction officer who performed the search and authored the misbehavior report provide substantial evidence to support the determination of guilt (see Matter of Shearer v Annucci, 155 AD3d 1277, 1277 [2017]; Matter of Baez v Venettozzi, 155 AD3d 1231, 1232 [2017]). Petitioner's denial that the object constituted a weapon presented a credibility issue for the Hearing Officer to resolve (see Matter of Boitschenko v Annucci, 156 AD3d 1066, 1066 [2017]; [*2]Matter of Freeman v Annucci, 151 AD3d 1509, 1510 [2017]). Turning to the procedural claims, inasmuch as petitioner was at his mandatory work program at the time, he was not improperly denied the opportunity to observe the cell frisk (see Matter of Wallace v Annucci, 153 AD3d 1499, 1500 [2017]; Matter of Mason v Annucci, 153 AD3d 1013, 1014 [2017]). Finally, contrary to petitioner's contention, the determination of guilt was premised on the evidence presented, rather than any alleged hearing officer bias (see Matter of Williams v Department of Corr. & Community Supervision, 155 AD3d 1207, 1207 [2017]; Matter of Kalwasinski v Venettozzi, 152 AD3d 853, 854 [2017]). Petitioner's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Egan Jr., Devine, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.